[No. 2813. Decided October 21, 1898.]

SUSAN CLUM, *Appellant,* v. EMMA J. BARKLEY *et al.,*
*Respondents.*

#### EVIDENCE — NON-EXPERT WITNESSES.

The admission of the opinions of non-expert witnesses upon questions of sanity being largely within the discretion of the trial court, error cannot be predicated upon the court's refusal to permit non-expert witnesses to state whether, in their judgment, an alleged insane grantor was competent to execute the deed in controversy.

Appeal from Superior Court, Jefferson County.—Hon. JAMES G. McCLINTON, Judge. Affirmed.

*Metcalfe & Jurey,* for appellant:

To show when non-experts may testify to their opinions, counsel cite: *Meeker v. Meeker,* 74 Iowa, 352 (7 Am. St. Rep. 489) ; *Beaubien v. Cicotte,* 12 Mich. 459 ; *Woodcock v. Woodcock,* 30 N. W. 894; *Carpenter v. Hatch,* 15 Atl. 219 ; *People v. Sanford,* 43 Cal. 29 ; *State v. Leehman,* 49 N. W. 3 ; *Mull v. Carr,* 32 N. E. 591; *State v. Maier,* 15 S. E. 991; *Kilgore v. Cross,* 1 Fed. 578; *American Bible Society v. Price,* 115 Ill. 623 ; *Parkhurst v. Hosford,* 21 Fed. 827 ; *Pidcock v. Potter,* 8 Am. Rep. 181; *Clary v. Clary,* 2 Ired. 78; Rogers Expert Testimony (2d ed.), § 67 ; Thompson, Trials, §§ 589, 592.

*A. R. Coleman,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Suit to cancel and annul a deed alleged to have been executed by David Spoor, decedent, to respondent Emma J. Barkley. The appellant claimed title to certain real estate in Port Townsend, under a will made by

David Spoor, her brother, devising the whole of his estate to her. The will was made and published about one year prior to the death of Spoor. About two weeks prior to his death Spoor signed the deed under which the respondent Emma J. Barkley claims title to the real estate in controversy. The deed was signed by David Spoor and respondent Mary Spoor, his wife; and for a consideration of one dollar, subject to a life estate in himself and wife, real estate to the value of about $10,000 was conveyed to the respondent Emma J. Barkley, who is the daughter of Mary Spoor, wife of deceased. The grounds upon which the deed is sought to be canceled are that David Spoor, at the time of the execution thereof, was mentally incompetent, from protracted illness, to understand or comprehend the nature and effect of his act, and also that the deed was procured by fraud, coercion and undue influence on the part of the respondents Mary Spoor and Emma J. Barkley. The case was tried before the court without the intervention of a jury. The findings of fact and conclusions of law were in favor of the respondents, and a decree entered in accordance therewith establishing the title of the respondent Emma J. Barkley under the deed. The appeal is from the decree.

A number of objections have been made by respondents to the hearing of this appeal upon its merits. These objections go to the capacity of the appellant to maintain the action and to the sufficiency of the complaint. Upon consideration, however, of the objections, we have concluded to determine the cause upon its merits. Appellant has excepted to the material findings of fact. We have examined the evidence in the record carefully, and do not think the facts found by the superior court should be disturbed. We are not sure that, upon the evidence produced by the appellant, either mental incapacity of David Spoor

or undue influence at the time of the execution of the deed, was shown; but, when the testimony for the respondents is considered, together with the presumption in favor of mental competency and will power of the decedent, we think the weight is in favor of respondents. Appellant's case showed only that Spoor was for a considerable time preceding his death in very ill health and suffering from an incurable malady. Appellant complains that non-expert witnesses were not permitted to state whether the decedent was, in their judgment, competent to execute the deed in question. The evidence, however, of these witnesses shows that they testified fully as to all facts which they knew, and some of these facts as detailed by the witnesses were the conclusions of the witnesses, from their knowledge and the appearance of the deceased, of his mental and physical condition at or about the time of the execution of the deed. The questions which the witnesses were not permitted to answer were not the ordinary technical questions which are permitted to be propounded to non-expert witnesses to elucidate their opinions, and discretion has always been exercised by the court in receiving the opinions of non-expert witnesses upon questions of sanity. We do not think any injury was suffered by appellant on account of the objections to certain questions propounded by counsel for appellant and sustained by the court, and, there having been no weight of evidence given by appellant to show undue influence on the part of the respondents, the evidence offered by appellant relative to declarations and statements of the deceased as to his intentions to dispose of and distribute his property, was not material.

The judgment of the superior court must be affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.