30 239
e34 368

[No. 4398. Decided October 23, 1902.]

NELLIE HIGGINS et al., Appellants, v. MARY L. NETHERY, Respondent.

WILLS — PROBATE — RESIDENCE OF TESTATOR.

Under Bal. Code, § 6087, which provides that wills may be probated and letters granted in the county of which deceased was a resident or had his place of abode at the time of his death, or in the county in which he may have died, leaving estate therein, and not being a resident of the state, or in the county in which any part of his estate may be, he having died out of the state, and not being a resident thereof, the question of the testator's place of residence is not a jurisdictional fact, and need not be shown in a petition for probate.

SAME — CONTEST — BURDEN OF PROOF.

Although the order of the court admitting a will to probate is not conclusive of the facts necessary to support it, such as the soundness of mind of the testator and his due execution of the will, yet it makes a *prima facie* case upholding the validity of the will, and the burden of proof is upon contestants thereof to establish that the testator did not execute it, or that he was of unsound mind, or under undue influence.

SAME — MENTAL CAPACITY — NON-EXPERT WITNESSES.

The opinions of non-expert witnesses as to the mental condition of a testator are admissible, when it appears that they had known him personally for a long period of time, associated with him and conversed with him on many occasions, and were acquainted with his mental condition about the time the will was made.

SAME — EVIDENCE.

Evidence of the mental incapacity of a testator at a time long before his will was made would not establish incompetency, where other evidence shows that he was of sound mind prior to, at the time of, and subsequent to the date of the execution of the will.

Appeal from Superior Court, Chehalis County.—Hon. MASON IRWIN, Judge. Affirmed.

*W. H. Abel* and *A. M. Abel,* for appellants.

*J. A. Hutcheson,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—On January 5, 1899, D. W. Organ died in Chehalis county, leaving an estate therein. Prior to his death, and on May 15, 1893, deceased made a will, by which he left one-half of his property to one daughter and the other half to his remaining children, share and share alike. On petition of the executrix named therein, the will was admitted to probate by the superior court of Chehalis county on March 13, 1899. This action was begun by the appellants on February 15, 1901, to set aside the will upon the grounds that the deceased did not make it; that the same is void, because the testator at the time the will was made was not of sound mind, and that undue influence was exercised by the respondent upon the testator prior to the making of the will. On the trial the court found the facts against the contestants, and dismissed the action. From this judgment appeal is prosecuted.

Five errors are assigned, substantially as follows: (1) Error in imposing the burden of proof upon the contestants; (2) error in the admission of evidence of non-expert witnesses; (3) error in the findings of fact; (4) error in the conclusions of law; and (5) error in dismissing the cause. When the cause was called for trial, appellants (plaintiffs below) requested the court to impose the burden

of proof upon defendant because of certain irregularities which they claimed appeared on the face of the proceedings by which the will in question was admitted to probate, and which it is claimed rendered the proceedings void.    The court denied this request, and the ruling is alleged as error.    It is claimed that the superior court had no jurisdiction to admit the will to probate, because the petition for the probate of the will failed to state the residence of the deceased, and because residence of the deceased in Chehalis county at the time of his death was necessary to give that court jurisdiction.    The petition shows that the deceased died in Montesano, in Chehalis county, Washington, and that said deceased left a will, and an estate consisting of real property within said Chehalis county.    The court, when the will was admitted to probate, found that deceased at the time of his death was a resident of said county and state.    The statute provides, at § 6087, Bal. Code:

"Wills shall be proved and letters testamentary or of administration shall be granted:    (1) In the county of which deceased was a resident or had his place of abode at the time of his death; (2) In the county in which he may have died, leaving estate therein, and not being a resident of the state; (3) In the county in which any part of his estate may be, he having died out of the state, and not having been a resident thereof at the time of his death."

The residence of deceased was not a jurisdictional fact under this statute.    The superior court had jurisdiction to probate the will whether the deceased resided in Chehalis county or not, provided an estate was left in that county. It is not claimed that the deceased left no estate in Chehalis county.

It is next objected that the execution of the will was not proved at the time it was admitted to probate.    The name of the testator was not signed by himself, but was signed, at his request, by another.    The statute in reference to

16-30 WASH.

the execution of wills, § 4595, Bal. Code, requires that a will shall be signed by the testator, or by some other person under his direction, in his presence. The evidence of the subscribing witnesses to the will was reduced to writing at the time of the hearing for probate, and is substantially as follows: That they identified the will; that the same was made on the day it bears date, and was signed by the testator, his signature being written by one of the witnesses in the presence of the witnesses; that the testator thereupon declared to them that the same was his last will and testament, and requested the witnesses, in attestation thereof, to sign the will as witnesses, which they then and there did in the presence of the testator and in the presence of each other; that at the time of executing the said will the testator was 74 years of age, of sound and disposing mind, and not under duress, menace, fraud, or undue influence; that subsequently, in January, 1899, the testator died, leaving real estate in Chehalis county. The court found these facts to be true, and made an order admitting the will to probate. Counsel for appellant contends that this evidence does not fairly indicate that Daniel W. Organ was present when his name was signed to the will. We think the clear import of this evidence is that the name of the deceased was signed in his presence. It was certainly sufficient for the court to act upon in admitting the will to probate, and sufficient to support an order of probate until it was shown that the contrary was true. The rule is settled in this state that when a will is offered for probate there must be proof that the deceased was of sound mind when the will was made. *In re Baldwin's Estate,* 13 Wash. 666 (43 Pac. 934). But the rule announced in that case does not go to the extent claimed in the case at bar. When the record shows, as it does in this case, that the court had jurisdiction, and all the facts appear to show

*prima facie* a valid will, the order of the court admitting the will to probate must have some force.    For that reason the burden must be upon the plaintiffs to show that the will was invalid by reason of the facts alleged, viz., that the testator did not execute the will, or that he was not of sound mind, or was under undue influence, at the time he made it.    The order admitting the will to probate is not conclusive of the facts necessary to support it, but when the facts appear of record they must be taken as true until the contrary is shown.

Non-expert witnesses were permitted to state their opinion as to the mental condition of the testator during his life time.    Each of these witnesses testified, in substance, that he was well acquainted with the deceased prior to his death; that he had known him personally for a considerable period of time, and associated with him and conversed with him on many occasions.    Under these circumstances it was not error to receive the opinions of such witnesses as to the mental condition of the deceased prior to his death, and at or about the time the will was made. Schouler, Wills, § 201; *Sears v. Seattle, etc., Ry. Co.*, 6 Wash. 231 (33 Pac. 389); 1 Greenleaf, Evidence (16th ed.), § 430p.

At the trial of this case no attempt was made to show that the testator did not in fact make the will, or that he was not present when the will was executed, and no evidence was offered by the plaintiffs to show that any undue influence of any kind was used by any person or exercised in any way on the deceased to cause him to make the will in question.    Some slight evidence of his mental incapacity long before the will was made was introduced, but this evidence falls far short of proof that the testator, at the time he made the will, was not competent to make it. The evidence on the part of defendant, we think, clearly

shows that the testator prior to, at the time of, and subsequent to the time when the will was made, was of sound mind, and knew what he was doing. It also shows that the testator made, executed, and published the will in the presence of the subscribing witnesses, and that he was not acting under duress or undue influence of any kind.

The findings of fact made by the lower court are in accordance with the great weight of the evidence, and the judgment was therefore right, and is affirmed.

REAVIS, C. J., and DUNBAR, FULLERTON and ANDERS, JJ., concur.