[No. 14491. Department One. April 27, 1918.]

H. H. RUST, *Respondent*, v. WASHINGTON TOOL & HARDWARE COMPANY, *Appellant*.[1]

EVIDENCE—OPINION EVIDENCE—NONEXPERTS. Upon an issue as to the mental condition of plaintiff, shortly after he was injured, non-expert witnesses who saw him trembling and incoherent and unable to walk, may testify that he was not in possession of his mental faculties, where they were testifying to facts and their opinions drawn from facts within their observations.

WITNESSES—IMPEACHMENT—INTEREST—AGENT OF INDEMNITY COMPANY. Upon an issue as to plaintiff's mental condition when he signed a release of damages and an affidavit of exoneration, evidence is admissible, as affecting his credibility, that the witness who procured the release and affidavit was agent of the insurance company writing the liability policy.

TRIAL—INSTRUCTIONS—REPETITION. Unnecessary repetition in instructions will not work a reversal, where they merely stated the law properly under varying conditions of evidence, and the ·repetition was not unwarranted.

APPEAL—REVIEW—INVITED ERROR. Improper argument to the jury respecting a compromise or settlement is not ground for a reversal, where the same was offered in answer to an equally improper utterance of opposing counsel on the subject of compromising the claim.

[1]Reported in 172 Pac. 846.

DAMAGES — EXCESSIVE VERDICT — PERSONAL INJURIES. A verdict for $2,500 for injuries sustained by a physician 78 years of age, will not be held excessive, where it appears that he suffered a dislocation of the knee cap, cuts and bruises about the head and body, and a permanent injury to the ankle and bones of the foot, causing inconvenience, constant care, and pain.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 26, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a fall down an elevator shaft. Affirmed.

*Bates & Peterson,* for appellant.

*Guy E. Kelly* and *Thomas MacMahon,* for respondent.

FULLERTON, J.—The respondent, while a customer in the store of appellant engaged in making purchases, fell into an open elevator shaft and injured his foot. He brought this action for damages, and recovered a judgment for $2,500. An appeal is prosecuted in which errors are assigned upon the insufficiency of the evidence, the improper admission of evidence, and the denial of a new trial, based on improper instructions, misconduct of counsel, and excessiveness of the verdict.

The evidence shows that respondent, a man 78 years of age, residing in Gig Harbor, Washington, was in appellant's storeroom in the city of Tacoma purchasing various articles of hardware. Certain articles desired by him were located on the second floor of the building, and the clerk suggested that, in going to the place, they take the elevator. The clerk opened the door to the elevator and reached in to pull a rope to bring the car down from the floor above. The respondent, assuming that the car was in place, stepped into the shaft and fell some three feet to the bottom of the pit.

The clerk, while endeavoring to extricate him, was himself struck by the descending car and severely injured. The respondent was considerably bruised and shaken by his fall, but advised that first aid be given to the clerk, who was apparently the more severely injured. The appellant carried a liability policy of insurance on its elevator in the Fidelity & Deposit Company of Maryland, and at once summoned the local agent of the company. The appellant, through the agent, offered to pay the respondent for whatever damages he had suffered, and the latter, not realizing how seriously he was injured, fixed his damages at twenty dollars and executed a release of all claims in consideration of that sum, and at the same time made an affidavit that his injuries were due to his own fault and that the appellant was in nowise to blame. The respondent was assisted to the steamer plying between Tacoma and his home, and those assisting him testified he was "trembling" and "kind of scared like." Passengers on the boat and others who were acquainted with him testified that he was incoherent in speech, his face pale and drawn, his body trembling; that he toppled over when he tried to walk across the cabin; that he attempted to get off the boat at a wrong wharf; that he had to be carried off the boat and home on the back of a neighbor; that he was dazed and not in possession of his mental faculties; that he continuously uttered "Don't tell mother," and that subsequently he could get about only by the use of two crutches. On the trial, the respondent testified he did not know what he was doing when he signed the release and the affidavit exonerating the appellant, and in this he is corroborated by a doctor called in to attend the injured clerk, who, after removing the clerk to his home, returned to the store and found the respondent, about an hour after the accident, sitting there in a dazed condition. While there is some

contradiction on minor details of the testimony, the substance of the evidence is as outlined.

The appellant contends that there was error in permitting the nonexpert witnesses, who were fellow passengers on the boat with the respondent, to state their opinions as to the latter's mental condition. These witnesses testified that, at that time, the respondent was not in possession of his mental faculties. But this testimony was based on their observations of his physical condition, his evident suffering, and his incoherent speech, in the light of their acquaintance with his previous condition. They were testifying to facts, and their opinions drawn from facts within their observation, not giving an opinion upon a hypothetical question. Such evidence is admissible. *State v. Brooks,* 4 Wash. 328, 30 Pac. 147; *In re Gorkow's Estate,* 20 Wash. 563, 56 Pac. 385; *Higgins v. Nethery,* 30 Wash. 239, 70 Pac. 489; *State v. George,* 58 Wash. 681, 109 Pac. 114; *State v. Craig,* 52 Wash. 66, 100 Pac. 167; Jones, Evidence (2d ed.), § 364.

It is also contended that there was error in allowing the introduction of evidence showing that the witness Hansen, who procured the release and the affidavit of exoneration from the respondent, was the agent of an insurance company which carried a liability policy on the appellant's elevator. This testimony was properly elicited for the purpose of showing Hansen's interest in the case with a view to affecting his credibility. *Moy Quon v. Furuya Co.,* 81 Wash. 526, 143 Pac. 99.

Error is assigned upon the court's charge to the jury upon the matter of the release executed by the respondent. The court gave an instruction requested by the appellant which fully covered the matter from the standpoint of the appellant, and then went further and covered varying features of the same question in half a dozen paragraphs outlining the law as applied to the

inferences the jury might draw from the facts in favor of the one or the other of the litigants. We gather from the brief that no objection is raised to the law as stated, but that the complaint is that the court, by unnecessary repetition, gave undue prominence to one feature of the case, thereby tending to create an impression on the jury as to the court's opinion with regard to the facts. It is further suggested that these numerous paragraphs necessarily destroy the effect of the requested instruction given at the behest of the appellant. An examination of each portion of the charge shows that it is a proper statement of the law as applied to varying conditions of the evidence. While the charge was capable to some extent of condensation, we do not find that there was any unwarranted repetition.

Misconduct of counsel for respondent in the closing argument is predicated upon the following remarks to the jury which, over the objection of the appellant, were allowed to stand:

"It was not competent evidence to show efforts looking towards a compromise or settlement of this action between the plaintiff and the defendant. You do not know what had taken place between these parties since the accident, and if you did know it might put a different aspect upon the case."

This remark, standing alone, would in all probability be inexcusable, but it was offered in answer to an equally improper utterance of opposing counsel, who had stated that a failure to prove efforts to compromise showed that plaintiff had been satisfied with the settlement. The error complained of by appellant was one invited by himself, and he cannot be heard now to urge it as prejudicial. *Donaldson v. Great Northern R. Co.*, 89 Wash. 161, 154 Pac. 133.

The final contention of appellant is that the award of $2,500 for the injury sustained was excessive. The

evidence shows that the respondent, although at the advanced age of 78 years and with but a short expectancy of life, is still practicing his profession as a physician, and is incommoded therein by the condition of his foot, which still causes him pain in its use. At the time of the accident, the respondent suffered a dislocation of the knee cap, cuts and bruises about the head and body, and a dislocation of the bones of his foot. He was confined to his bed several weeks, and compelled for seven or eight months to use crutches. The ankle is stiffened, the bones of the foot have fallen down, there is no arch, and the heel bone is left unaided to sustain his weight. The bones are in such a condition that they must be kept in place by tight bandages of adhesive tape, and a heavy iron form must be used in the shoe so as to create an artificial arch, and a cane is necessary to assist in walking. If the respondent steps on a pebble he either falls or the rolling of the foot causes great pain. The injury is permanent and one that cannot be remedied by an operation. The respondent still suffers pain in the use of the foot and whenever the bandages are adjusted. While the award to this court appears large in view of the advanced age of the respondent, the trial court, in the exercise of its discretion, refused to make a reduction. We feel that we would not be warranted, under the circumstances and showing made, in interfering with the award returned by the triers of the fact.

The judgment is affirmed.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.