[No. 18759. Department Two. December 9, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. OSCAR FORSYTH, *Appellant*.[1]

CRIMINAL LAW (148)—EVIDENCE OF NON-EXPERTS. In a prosecution for driving an automobile while intoxicated, non-expert witnesses who observed accused's conduct and condition may give their opinion as to whether he was intoxicated.

SAME (155-1)—EVIDENCE—OPINION EVIDENCE—BODILY CONDITION. In a prosecution for driving an automobile while intoxicated it is proper to allow a witness to testify to the condition, after death, of the body of one of the passengers, killed in the accident, where it had a direct bearing on the conduct and question of intoxication of the accused.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered January 25, 1924, upon a trial and conviction of driving an automobile while intoxicated. Affirmed.

*Crass & Hardin* and *Richards & Richards*, for appellant.

*Joseph E. Hall* and *Dale McMullen*, for respondent.

MACKINTOSH, J.—The appellant was convicted of driving an automobile while he was intoxicated, against the provisions of § 2527, Rem. Comp. Stat. [P. C.

[1]Reported in 230 Pac. 821.

§ 9090], and complains because non-expert witnesses who had observed his conduct and condition at the time and place that the automobile which he was driving collided with a truck, and who testified to such conditions and conduct, were allowed to express their opinion that he was intoxicated. There is no question that the witnesses were entitled to give their opinion after having detailed what came under their observation. The weight of the testimony is a question for the jury to pass on, and it has a right to take into consideration the opportunity the witnesses had for observing the condition which led them to believe that intoxication existed. In *State v. Dolan*, 17 Wash. 499, 50 Pac. 472, we said:

"We are also of the opinion that the court erred in not permitting the witness Phelps to answer the question whether Dolan appeared to be so intoxicated that he did not know what he was doing. It was not a question upon which only an expert could express an opinion. The witness having seen, noted and stated the condition, appearance and actions of Dolan, had sufficiently shown his qualification to testify as to the extent of his intoxication. Such testimony is received in proof of insanity, and we see no valid reason why the question propounded should not have been answered. See 1 Wharton, Evidence, § 512, and notes."

The same rule has been applied by this court in similar situations; *State v. Brooks*, 4 Wash. 328, 30 Pac. 147; *State v. Craig*, 52 Wash. 66, 100 Pac. 167; *State v. George*, 58 Wash. 681, 109 Pac. 114; *Rust v. Washington Tool & Hardware Co.*, 101 Wash. 552, 172 Pac. 846.

It is next complained that error was committed in allowing a witness to testify as to the condition, after death, of one of the passengers in appellant's car who was killed in the accident. An examination of the testimony shows that it was admitted for the purpose of

showing the actions of the appellant in taking hold of the dead body and shaking it and speaking to it; all of which indicated the possibility of appellant's intoxicated state; for a sober man would have recognized, from the presence of blood on the face and other evidences, that it was the body of a dead man.

These are the only assignments of error occurring at the trial, and we find no reason in either of them to disturb the verdict.

Subsequently to the trial, it is urged, the court erred in ordering the appellant to perfect his appeal to this court. If the trial court was incorrect in this regard, it is a matter of which the appellant could have taken advantage by resorting to appropriate remedies. It is a matter which has nothing whatever to do with the question whether appellant received a fair trial. If the action of the trial court in this respect was unwarranted, there is no relief for it at this time.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, FULLERTON, and MITCHELL, JJ., concur.