[No. 20808. Department Two. March 5, 1928.]

Nina B. Estes, *as Administratrix, Respondent,* v.
J. Henry Schulte *et al., Appellants.*[1]

[1] Death (14)—Actions—Persons for Whose Benefit Suit May
Be Maintained—Dependency. Rem. Comp. Stat., § 183-1, pro-
viding an action for wrongful death for the benefit of the
deceased's sister, requires only substantial dependency, and is
satisfied, where a sister, 62 years of age, had no means of
support, was unable to cook or do heavy housework, and after
teaching for over twenty-five years, had been unable for many
years to earn anything and the deceased gave her from twenty
to twenty-five dollars monthly.

[2] Same (37)—Damages—Excessiveness. In such a case, a verdict
for $3,240 exclusive of funeral and nurse expenses, will not be
set aside as excessive, regardless of a life expectancy and
mortality tables, indicating less worth of a continuance of the
allowance.

Appeal from a judgment of the superior court for
King county, Steinert, J., entered May 21, 1927, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for wrongful death. Affirmed.

*Farrell, Meier & Meagher,* for appellants.

*Roberts & Skeel, N. A. Pearson,* and *Elwood Hutche-
son,* for respondent.

Askren, J.—This is an action by the administratrix
to recover damages for the death of the intestate
caused by the defendants. The action, pursuant to the
statute, was brought in behalf of a sister of the in-
testate, alleged to have been dependent upon him for
support.

Upon trial, the defendant admitted liability for death
and the sum of $193 funeral and nurse expenses. The
jury returned a verdict for $3,433.

Upon appeal, but three questions are present for
consideration. They are: (1) Was Elsie Johnson de-

[1]Reported in 264 Pac. 990.

pendent; (2) did deceased contribute to her support, and (3) is the verdict excessive?

[1] Upon the first question, appellant admits that under Rem. Comp. Stat., 183-1 [P. C. § 8260], providing that actions such as this may be maintained by the personal representative of the decedent

". . . for the benefit of the parents, sister, or minor brothers who may be dependent upon the deceased for support . . .,"

that it is not necessary that complete and absolute dependency be shown, but that it is sufficient if there be a showing of substantial dependency and want. *Bortle v. Northern Pacific R. Co.*, 60 Wash. 552, 111 Pac. 780, Ann. Cas. 1912B 731.

We think that such a condition is shown by the record here. The sister, at the time of the trial, was sixty-two years of age; had no means of support; was living with another sister in Bellingham; was not able to cook or do heavy housework. From the age of eighteen until she was forty-five, she taught school. After that, she lived with her mother who was ill for a number of years, and after her death went to live with a sister, where she now resides. It is quite plain that she has reached an age in life where she is unable to provide for herself and the evidence discloses that this condition has existed for some time, it being many years since she has been able to earn anything. The only funds she has had during that time were those contributed by her brother, which brings us to the second question raised. It appears that her brother for years gave her money for her support. The amount varied from time to time and the times of payment were not always regular, because of the places of his occupation, but the jury were justified in finding that the allowance he made her was from twenty to twenty-five dollars per month.

[2] The remaining question, then, presents itself: Was the allowance excessive? As we have seen, the verdict was for $3,240, exclusive of funeral and nurse expenses. Appellant, relying upon the mortality tables which figure the sister's expected duration of life as a trifle under twelve years, has argued that this amount is greater by about $550 than the present worth of twenty-five dollars per month for a like period, computing interest at six per cent. We need not discuss the question of whether a verdict in an action like this need represent the present worth of the payments which the sister would have received from the decedent, nor whether the amount should be figured on a basis of six per cent interest or upon a lesser sum. We have steadfastly adhered to the proposition that there can be no hard and fast rule binding upon a jury in determining the amount that should be awarded. *St. Germain v. Potlatch Lum. Co.*, 76 Wash. 102, 135 Pac. 804; *Kranzusch v. Trustee Co.*, 93 Wash. 629, 161 Pac. 492.

The mortality table is sound evidence of what it purported to be, namely, that the average duration of life of persons who have reached the age of sixty-two years is a certain number of years. But it certainly does not prevent the jury from believing that the person under consideration may either succumb a few years sooner or live a few years longer.

The needs of decedent's sister will undoubtedly be greater with each added year, owing to her advanced age, and since the decedent was the only one who advanced money for her care and support, it is not unreasonable to assume that the jury deemed that these needs would be met by decedent. *Donaldson v. Great Northern R. Co.*, 89 Wash. 161, 154 Pac. 133.

Judgment affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.