[No. 26919. *En Banc.* May 26, 1938.]

ROBERT C. MOFFITT, *as Executor, Respondent,* v. STEVE GOLDCAMP *et al., Appellants.*[1]

[1]Reported in 79 P. (2d) 695.

*M. E. Mack,* for appellants.

*Tustin & Chandler,* for respondent.

MAIN, J.—This action was brought to recover a money judgment. The defendants denied liability, and the cause was tried to the court and a jury. The verdict was for the plaintiff in the sum of five hundred dollars. The defendants moved for a new trial, which motion was overruled, and from the judgment entered upon the verdict, they appeal.

The respondent is the executor of the last will of Charles E. Bender, deceased. The appellants are husband and wife.

The testator died November 30, 1936. In his will, after making certain specific bequests, his sister, Anna L. Smith, was named as residuary legatee. The wife of Charles E. Bender died about two years prior to his death, and in her will her husband and Robert C. Moffitt were named as executors. For about two years prior to his death, Mr. Bender was confined to his home with a lingering illness, which finally resulted in his death. On or about June 3, 1936, the appellant Susana Goldcamp was employed by him as a nurse and continued in that service until the time of his death. Her monthly wages were promptly paid.

October 19, 1936, Mrs. Goldcamp received from Mr. Bender a check for five hundred dollars, and on the same day a note was given to him for this amount,

signed by Mrs. Goldcamp and her husband. On the day following, it appears that the note, for some reason, was returned to Mrs. Goldcamp and bears the endorsement which is interpreted to read "Paid in full October 20," and signed "C. H. Bender." There was also introduced in evidence, without objection, a check for $5.40, which, apparently, was issued in payment of a telephone bill, and this was signed "C. H. Bender." As to the signature of the check, there is no question about its genuineness.

Subsequent to the death of Mr. Bender, his executor brought this action to recover from the appellants the five hundred dollars represented by the giving of the check and the promissory note, with the result as above indicated.

The question primarily for determination upon the trial was whether Mr. Bender, at the time of the check and note transaction, was capable of transacting business; and, if he was, whether, when he surrendered the note, he knew what he was doing. This presents a question of fact for the jury to determine. The evidence offered by the respective parties upon the question was directly in conflict. The respondent called a number of witnesses who testified to Mr. Bender's incompetency. On the other hand, the appellants called a number of witnesses who testified that he was capable of transacting business at the time the matter here in controversy took place.

The appellants first say that the two witnesses called by the respondent, who testified to the incompetency, were not qualified to speak upon that question. Each of these witnesses, who had known the deceased for many years and who had seen him from time to time up to a comparatively short time before his death, testified that, when they last saw him, he was not competent to transact business. One of them

had seen him for the last time either the latter part of June or early in July previous, and the other had seen him in the month of June and also in the month of September.

A non-expert witness may testify as to the mental condition of a testator, based upon observation, where the witness was acquainted with him in his lifetime and had means and opportunity to draw a conclusion. *Higgins v. Nethery,* 30 Wash. 239, 70 Pac. 489; *State v. George,* 58 Wash. 681, 109 Pac. 114. The testimony here objected to was properly introduced under the rule stated.

The next contention relates to testimony which the respondent offered and which was received over objection, as to a conversation had between Robert C. Moffitt, the executor, and the attorney for the estate, not in the presence of the appellants or either of them. After Mr. Moffitt had testified to the incompetency of the testator, he was asked and permitted to answer the question as to whether the discharge of Mr. Bender as one of the executors of his wife's estate, and the appointment of a guardian for him, had been considered, along toward the latter part of his life. The answer was:

"Mr. Bender was a very sick man and we were afraid that any suggestion along such lines might bring on a spell or heart attack which would prove fatal and we desisted from doing anything of such a nature."

This testimony was relevant and material for the purpose of showing the reason why no steps had been taken either to remove Mr. Bender as one of the executors of his deceased wife's estate or for the appointment of a guardian for him. Had the testimony been rejected, it could well have been argued that the respondent, had he believed Mr. Bender was incompe-

tent to transact business at the time of the transaction here involved, as he contends in this case, would have taken some steps looking to his removal as executor and also for the purpose of having a guardian appointed for him.

It is next contended that the court unduly limited the appellants in their attempted inquiry into the value of the estate as affecting the credibility of the residuary legatee, Mrs. Smith. The extent of the inquiry as to the interest or bias of a witness rests largely in the discretion of the trial court and will not be disturbed on appeal in the absence of a showing of abuse. 70 C. J. 956.

The appellants sought to inquire into the appraised value of the estate of Charles E. Bender, deceased, the special bequests, and what amount the residuary legatee would receive, all of which matters were wholly immaterial as affecting credibility. In no event could Mrs. Smith's inheritance be reduced more than five hundred dollars if the appellants prevailed in this action. It was shown and admitted that Mrs. Smith was the residuary legatee, and the court correctly refused to permit the inquiry to proceed further.

The contention that the telephone check should have been withdrawn from the evidence upon the motion of the appellants, is without merit. The check was introduced without objection, bore the correct signature of Mr. Bender, and was available for comparison with the signature on the back of the note.

The matter of the instructions is not properly before us, because they are not set out in full in the appellants' opening brief, as required by Rule VIII of this court. In *Walker v. Copeland,* 193 Wash. 1, 74 P. (2d) 469, it is said:

"Rule VIII of Rules of Court, adopted November 5, 1923, as amended April 1, 1931 (159 Wash. xliii),

requires that, 'Where an objection is based on an instruction of the court, the instruction shall be set forth in the brief in full.' Appellant failed to comply with this rule, and for this reason his assignments of error based upon instructions given cannot be considered. [Citing cases.]"

In that case, as well as in the case now before us, there was an attempt to cure the failure to set the instructions out in the opening brief by filing a reply brief in which they were set out. There is no distinction whatever between the situation there presented and the one here presented, and that case is controlling.

It is true that the instructions complained of are set out in the respondent's brief, but this does not excuse the appellants for failure to comply with the rule above mentioned. *State v. Jensen,* 194 Wash. 515, 78 P. (2d) 600.

The judgment will be affirmed.

ALL CONCUR.