[No. 4180-1.    Division One.    October 18, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JEROME WAYNE SMITH, *Appellant*.

*Brett & Daugert, Dean Brett, LeCocq, Simonarson, Visser & Johnson,* and *Peter Visser,* for appellant (appointed counsel for appeal).

*David S. McEachran, Prosecuting Attorney,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The defendant, Jerome Wayne Smith, arrived at the Bellingham Police Department at approximately 9:45 a.m. on May 18, 1975. He informed the officer on duty that he had just killed someone.

After being fully advised as to his constitutional rights, he made oral and written confessions that on that same morning he had killed one Daisy Gabrielson. As he expressed it in his signed confession,

> I choked her with my hands about her throat until the life left her. I held onto her throat a long time, smashed, squeezed and crushed until I was sure she was dead. After this I took my pocket knife and cut her throat.

The defendant was subsequently charged with murder in the first degree and interposed a defense of not guilty by reason of insanity.

The evidence at the trial showed an extensive prior history of mental illness and a record of incarceration in a number of mental and penal institutions.

Three witnesses, each of whom was well acquainted with the defendant, testified concerning prior unusual acts of the defendant which they had witnessed during the time they knew him. Each of these witnesses also testified that it was his or her opinion that, at the times they had seen the defendant commit acts of violence, he was insane and could not tell right from wrong with reference to such acts. Each of these witnesses, none of whom had seen the defendant for some time before the homicide, was asked by defense counsel if he or she had an opinion as to whether the defendant was sane at the time he killed Daisy Gabrielson. The court sustained objections interposed by the State to each such question.

Another defense witness who had been with the defendant and the victim the evening before the homicide was permitted to fully state that it was his opinion the defendant was insane at the time of the homicide.

The jury rejected the insanity defense and found the defendant guilty of murder in the first degree.

One issue is presented by this appeal.

## ISSUE

Did the trial court err in refusing to permit three lay witnesses, who had not seen the defendant for some time before the homicide, to state as their opinion that the defendant was insane or of unsound mind at the time of the crime of which he was convicted?

## DECISION

CONCLUSION. The trial court did not abuse its discretion in rejecting opinion testimony by lay witnesses that the defendant was insane or of unsound mind at the time of the homicide, since each witness' last observation of the de-

fendant had been more than 3 months prior to the homicide.

■ Generally, of course, lay witnesses "must state facts, and not draw conclusions or give opinions." *Randanite Co. v. Smith*, 172 Wash. 390, 394-95, 20 P.2d 33 (1933).

An exception is made, however, when lay witnesses testify to a person's sanity or soundness of mind, if such testimony is based on the personal knowledge or observation of the witness. 5 R. Meisenholder, Wash. Prac. § 342, at 319 (1965).

In such cases,

> "The determination of the question whether a particular nonexpert witness is sufficiently qualified to express an opinion on the mental condition of another is necessarily to a great extent within the sound discretion of the trial court."

*State v. Wilkins*, 156 Wash. 456, 462, 287 P. 23 (1930). *Accord, Clum v. Barkley*, 20 Wash. 103, 54 P. 962 (1898); 32 C.J.S. *Evidence* § 546(33), at 188 (1964); 29 Am. Jur. 2d *Evidence* § 353, at 403 (1967); 3 C. Torcia, *Wharton's Criminal Evidence* § 609, at 176 (13th ed. 1973); 2 P. Herrick, *Underhill's Criminal Evidence* § 458, at 1150 (5th ed. 1956); 5 R. Meisenholder, Wash. Prac. § 341, at 318 (1965).

As a part of the foundation for lay witness testimony as to insanity or unsoundness of mind, it must be shown that the witness'

> opinion have reference to, or approximately to, the time to which his testimony concerning observed facts relates, and not to a time long before or after his observation.

(Footnote omitted.) 32 C.J.S. *Evidence* § 546(33), at 185 (1964). *See also State v. Cogswell*, 54 Wn.2d 240, 248, 339 P.2d 465 (1959); *State v. Fullen*, 7 Wn. App. 369, 383, 499 P.2d 893 (1972).

In the present case, the three lay witnesses testified fully as to what they witnessed of the defendant's prior assaultive behavior. They were also allowed to state their respective opinions that the defendant was unable to tell right from wrong with reference to his acts on those occasions.

Virtually the only testimony these three defense witnesses were not permitted to give were their opinions as to the defendant's sanity or soundness of mind at the time he killed the victim. None of these three witnesses had seen the defendant for at least 3½ months. One of such witnesses, the defendant's ex-wife, had not seen him since their divorce 5 years earlier.

The cases principally relied on by the defendant in support of his argument that the trial court erred in denying the opinion testimony in question are *Halbach v. Luckenbach S.S. Co.*, 152 Wash. 492, 278 P. 178 (1929); *State v. Schneider*, 158 Wash. 504, 291 P. 1093, 72 A.L.R. 571 (1930); *Rust v. Washington Tool & Hardware Co.*, 101 Wash. 552, 172 P. 846 (1918); and *State v. Odell*, 38 Wn.2d 4, 227 P.2d 710 (1951). In all of these cases, it was held that the opinion testimony as to mental condition was properly admitted, or should have been admitted, under the facts of the cases.

The cases cited by the defendant are all distinguishable from the present case, however. In each of them the witness had seen the person, about whose condition the opinion was being given, within a day of the time of the offense or injury in issue.

The generally accepted reasons for permitting lay persons to give their opinion where there is an issue as to insanity or unsoundness of mind are these:

> Reasons for the general rule are found in the considerations that such a statement, made after personal observation, is not the expression of a mere opinion, but actual knowledge of a fact; that the facts showing insanity, in their entirety, frequently elude accurate, complete, and detailed statement and consequently render it difficult to afford a satisfactory basis for the judgment of an expert; and that many witnesses can make a correct inference more readily than they can make a detailed statement.

(Footnotes omitted.) 32 C.J.S. *Evidence* § 546(32), at 182 (1964). *See Rust v. Washington Tool & Hardware Co.*, *supra* at 555. These reasons of judicial policy do not support admissibility of the testimony in issue.

304

In the present case, the trial court did not abuse its discretion in refusing to admit the opinion testimony of lay witnesses on the issue of sanity when none of the witnesses had seen the defendant for a substantial period of time prior to the homicide for which he was on trial.

Affirmed.

FARRIS and CALLOW, JJ., concur.

Petition for rehearing denied December 30, 1976.

Review denied by Supreme Court June 8, 1977.