STATE OF HAWAII, Plaintiff-Appellant *v.* WARREN A. LAYTON, Defendant-Appellee

No. 5208

May 25, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

After an appeal has been taken to this court from its judgment, the circuit court, which did not have a transcript of grand jury proceedings before it when it made its ruling, has no jurisdiction to order the preparation of such transcript and include it in the record on appeal.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by the State of Hawaii from a circuit court order granting the motion of defendant to dismiss an indictment against him for first degree murder. The appeal is authorized under HRS § 641-12.

The ground stated for the motion was that "the Grand Jury was presented with only hearsay evidence, and that neither the hearsay evidence itself, nor the declarations upon which the hearsay was premised would be admissible in a court of law."

Defendant supported the motion with an affidavit of his counsel in which the counsel deposed upon information and belief that the only person who testified before the grand jury was a detective from the Honolulu police department, and that, in testifying regarding the defendant's intent, the detective provided hearsay testimony, which was, in turn, based on incompetent evidence, namely, a statement given by defendant's wife.

In granting the motion, the circuit court initially stated that it was "going on the basis that there was hearsay testimony concerning what was said by the wife of the defendant and, to that extent, that testimony should not be presented to the Grand Jury."

However, the court later modified its position, and stated: "Well, I would think that where the witness is easily obtained, I think there should be first-hand testimony; where you have difficulty in obtaining a witness the court will consider hearsay."

That later statement should be considered in the light of another statement in which the court expressed its agreement with *United States v. Arcuri*, 282 F. Supp. 347 (E.D.N.Y.), *aff'd* 405 F.2d 691 (2d Cir. 1968).

In *United States v. Arcuri*, the defendants moved in the district court, during the trial and also after being found guilty, to dismiss the indictment on the ground that it was based purely on hearsay in that the only witness before the grand jury was a government agent, without direct knowledge of the relevant facts, who presented a synthesized report of the facts investigated by other government agents. The district court denied the motion, stating that the defendants were not prejudiced under the circumstances shown in the case and that the case was inappropriate for the drastic action of dismissal of the indictment. However, in doing

so, the court also stated that its action in the case did not mean that it was without power to act, and that, in the future, it would dismiss an indictment without a showing of prejudice to the defendant if it should be shown that hearsay alone was deliberately relied upon when better evidence was readily available for presentation to the grand jury.

The statement of the district court in *United States v. Arcure*, regarding its future course, was based upon the admonition to prosecutors contained in the opinion of the court in *United States v. Umans*, 368 F.2d 725, 730 (2d Cir. 1966).

In *United States v. Umans*, the indictment was based upon the testimony of an Internal Revenue agent who summarized for the grand jury the contents of various affidavits of persons who later testified at the trial. The defendant requested the district court to inspect the grand jury minutes. The request was refused. Upon appeal, the court of appeals found no error in the refusal, citing *Costello v. United States*, 350 U.S. 359 (1956), which allows the government to obtain indictments upon hearsay evidence, but stated:

"While we are not condemning the procedure used here before the grand jury, we think it not amiss for us to state that excessive use of hearsay in the presentation of government cases to grand juries tends to destroy the historical function of grand juries in assessing the likelihood of prosecutorial success and tends to destroy the protection from unwarranted prosecutions that grand juries are supposed to afford to the innocent. Hearsay evidence should only be used when direct testimony is unavailable or when it is demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge." (368 F.2d 725, 730).

With respect to *Costello v. United States*, the district court in *United States v. Arcuri* commented as follows:

"There is no reason to believe that the Supreme Court in *Costello* intended to encourage the practice before grand juries of deliberately relying solely on the testimony

of witnesses without any personal knowledge when better evidence is readily at hand. Rather, *Costello* seems to have been designed to avoid technical failures of indictments because hearsay or other inadmissible evidence was used either inadvertently or because nothing more probative was immediately available." (282 F. Supp. 347, 349).

We agree with the foregoing comment. We also agree with the admonition to prosecutors given in *United States v. Umans*.

However, that does not mean that we deem the dismissal of the indictment in this case to be proper.

At the time the circuit court granted the motion to dismiss the indictment, the affidavit of defense counsel provided the only factual basis for the ruling. That affidavit merely stated that the detective mentioned therein was the only witness to testify in the case before the grand jury and that he provided hearsay testimony regarding defendant's intent. It was silent as to whether the detective gave any testimony of his own knowledge, and, if he did not, whether the prosecution deliberately relied upon hearsay alone when better evidence was readily available for presentation to the grand jury.

It is evident that the ruling of the circuit court was based on the assumption that the detective gave no testimony of his own knowledge and that the prosecution deliberately relied on hearsay testimony when better evidence was available. The court was not justified in proceeding on such assumption.

There is a presumption that an indictment has been found by a grand jury upon sufficient evidence.

It is stated in *Ex parte Harlan*, 180 F.119, 129 (C.C.N.D.Fla. 1910), *aff'd* 218 U.S. 442 (1910): "The presumption, until the contrary appears, is that a grand jury acted upon legal evidence, and the burden rests on him who asserts that it did not to prove it."

Similarly, in *Mackin v. People*, 115 Ill. 312, 319, 3 N.E. 222, 224 (1885), the court stated: "There is nothing in this

record to show how the indictment in this case was found, —whether upon the information of the grand jurors themselves, or after hearing testimony of two or more witnesses, or without any testimony at all. As the record is silent in respect to these matters, it will be presumed the indictment was found in the manner the law directs. Any other rule would defeat the administration of public justice."

It is true that the two cases mentioned above are old cases, but we think that they state a correct principle of law.

In this case, after the State filed its notice of appeal and designation of record on appeal, the circuit court ordered a transcript of the testimony presented to the grand jury which indicted the defendant. The clerk of the circuit court transmitted the transcript to this court with the documents mentioned in the designation of record on appeal.

We have not considered that transcript in arriving at our decision. The transcript was not before the circuit court when it made its ruling. Thus, the ruling was not based on any fact appearing therein. When it was ordered, the case had already been appealed, and the court had no jurisdiction to include it in the record on appeal.

Reversed.

*Leland H. Spencer,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, with him on the brief) for plaintiff-appellant.

*James T. Leavitt, Jr.* (*Hart, Sherwood, Leavitt, Blanchfield* and *Hall* of counsel) for defendant-appellee.