## STATE OF HAWAII, Plaintiff-Appellee, *v.* LESLIE MASAO OKUMURA, Defendant-Appellant

### NO. 6287

SEPTEMBER 12, 1978

RICHARDSON, C.J., KOBAYASHI,
OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* The defendant-appellant appeals from a conviction of escape in the second degree, in violation of Hawaii Revised Statutes, Sec. 710-1021. Appellant was indicted by the Oahu grand jury. At a hearing in circuit court, appellant's motion to dismiss the indictment was denied. After a jury trial appellant was found guilty as charged.

The sole issue herein is whether the evidence presented to the grand jury in this matter was sufficient for the grand jury to find probable cause that the appellant committed the offense of escape in the second degree.

Appellant contends that grand jury witness Major John K. Smythe's use of the word "escape" in responding to two questions was conclusory, and thus, in essence, does not constitute proper evidence.

We disagree with appellant's contention and affirm the results below.

Generally, lay witnesses must state facts and not draw conclusions or give opinions. *State v. Smith*, 16 Wash. App. 300, 302, 555 P.2d 431, 433 (1976). Words of common currency with respect to which lay witnesses may be expected to be informed do not call for legal conclusions. *United States v. Long*, 534 F.2d 1097, 1100 (3rd Cir. 1976). Moreover, lay witnesses should be permitted to use "shorthand" descriptions in presenting their impressions of what transpired. *Stone v. United States*, 385 F.2d 713, 716 (10th Cir. 1967); *United States v. Gray*, 464 F.2d 632 (8th Cir. 1972).

In the instant case, grand jury witness Smythe testified, "Prior to his escape, yes," and "After that escape? Yes." We agree with the trial court that the word "escape" could be construed either as "just a conclusory term" or as "a simple way of conveying [in] the layman's language to another layman conduct on the part of a person."

We hold that the use of the word "escape" was proper. "Escape" is a word of common currency. *United States v. Long, supra* at 1100. The common definition of "escape", according to Webster's Third New International Dictionary (unabridged, 1967), is as follows:

> to get away (as by flight or conscious effort), break away, get free, or get clear.

Further, Smythe's use of the word "escape" was a permissible shorthand description. *Stone v. United States, supra* at 716. The common sense view leaves the witness free to speak in ordinary language. *Id.* at 716.

In the light of the above conclusion, the evidence adduced before the grand jury was sufficient for the grand jury to find probable cause that appellant committed the offense of escape.

A grand jury indictment must be based on probable cause. *Owen v. Superior Court of Santa Cruz County*, 54 Cal.App.3d

928, 931, 127 Cal.Rptr. 1, 2 (1976). Probable cause means such a state of facts as would lead a person of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of guilt of the accused. *State v. Scotland,* 58 Haw. 474, 476, 572 P.2d 497, 498 (1977). The evidence to support an indictment need not be sufficient to support a conviction. *Williams v. Superior Court of County of Los Angeles,* 71 Cal.2d 1144, 1147, 80 Cal.Rptr. 747, 750, 458 P.2d 987, 990 (1969).

Affirmed.

*Elliot Enoki,* Deputy Public Defender, for defendant-appellant.

*Stephen D. Tom,* Deputy Prosecuting Attorney, for plaintiff-appellee.