STATE OF HAWAII, Plaintiff-Appellee, *v.* JAMES BLAINE O'DANIEL, Defendant-Appellant

NO. 6953

SEPTEMBER 25, 1980

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICES MARUMOTO AND
KOBAYASHI ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY OGATA, J.

The defendant-appellant, James O'Daniel (hereinafter called appellant) was indicted for the murder of his wife in violation of HRS § 707-701.[1] After a jury trial, appellant was found guilty of manslaughter, a lesser included offense, and was sentenced to ten years in prison. The appellant now appeals and raises numerous issues but for the reasons stated below, we affirm the judgment and sentence of the trial court.

---

[1] Appellant was originally charged by complaint with manslaughter on September 27, 1976. After a preliminary hearing, the appellant was bound over to Circuit Court, and an indictment for murder was returned by the grand jury on January 5, 1977.

I.

The appellant cites three errors in the denial of appellant's motion to dismiss.

First, appellant contends that the prosecutor affirmatively misled the grand jury by failing to present evidence of the incident being an accidental shooting and by failing to inform the grand jury of additional options in the indictment process. Appellant asserts that his due process rights were violated by the failure of the prosecutor to present exculpatory evidence to the grand jury.

The grand jury proceeding "is an *ex parte* investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person." *State v. Bell*, 60 Haw. 241, 244, 589 P.2d 517, 519 (1978). Additionally, the grand jury should also maintain a historical role of being a safeguard to protect citizens against unfounded criminal prosecutions. *Id*. at 243, 589 P.2d at 519; *United States v. Calandra*, 414 U.S. 338, 343 (1974).

Because of the accusing nature and function of grand jury proceedings, we have held that the grand jury's role should not be expanded into a minitrial. *State v. Bell*, *supra*. Such an expansion would create problems that this Court examined in *Bell* where we stated:

> To require the prosecutor to present any and all information which may have a tendency to exculpate the accused would, in our view, confer upon the grand jury proceedings the adversary nature which is more properly reserved for the actual trial phase of prosecution. (Citations omitted.)

60 Haw. at 244, 589 P.2d at 519.

The prosecutor has wide discretion in selecting and presenting evidence before the grand jury. *Eames v. Pitcher*, 344 F.Supp. 207 (D.La. 1972); *State v. Bell*, *supra* at 254, 589 P.2d at 525. The *Eames* Court described the prosecutor's role before the grand jury as follows:

> He is only required to produce, and he usually only produces for the Grand Jury such evidence as he, in good faith, thinks is necessary to honestly and fairly apprise

the Grand Jury of the facts necessary for them to determine whether or not there exists probable cause to believe a crime has been committed, and whether or not there exists probable cause to believe a certain person or persons has committed that crime.

344 F.Supp. at 210.

To require the presentation of evidence mitigating the crime which would in turn provide additional options in the indictment process, would go against our recent holding in *Bell*. This requirement espoused by appellant would create dangers which we sought to avoid in *Bell*.

In *State v. Bell, supra,* the defendant Hisaw complained that the prosecutor failed to instruct the grand jury on the significance of evidence relating to self defense. We held there that only when evidence presented to a grand jury clearly establishes a defense must the prosecutor instruct the grand jury on the significance of such evidence. 60 Haw. at 252, 589 P.2d at 524. It would follow from *Bell* that if the evidence before the grand jury clearly establishes a lesser offense, the prosecutor must instruct the grand jury on the significance of the evidence.

The grand jury had some evidence through Detective Au's testimony that the shooting was accidental. Some testimony on the issue of accidental death does not compel a finding by the grand jury that they should have indicted on a lesser charge. It clearly appears that the grand jury did not find evidence of the accidental shooting persuasive. As we established in *Bell*, it would be undue judicial interference to attempt to surmise what significance a grand jury would have attached to evidence which is not clearly exculpatory. 60 Haw. at 255, 589 P.2d at 525. We would attach the same conclusion to evidence that does not clearly establish the lesser offense. The fact of accidental death arguably mitigates the seriousness of the offense, but it in no way clearly establishes the lesser offense. The issue of accidental death is one which the defense could more fully develop at trial and thus we perceive no injustice or prejudice by the prosecutor's actions before the grand jury. Following *Bell*, we hold that the prosecutor was not required to instruct the grand jury on the

option to indict on a lesser included offense unless the evidence clearly established only the lesser offense.

We also held in *State v. Bell, supra,* that the prosecutor is required to present to the grand jury evidence favorable to the defendant only if it is clearly exculpatory. 60 Haw. at 245, 589 P.2d at 520.

Evidence of an accidental shooting arguably tends to negate guilt. However, we are of the opinion that such evidence before the grand jury within the context of the facts herein, was not clearly exculpatory within the standard enunciated in *Bell.* Although Detective Au testified as to appellant's statements concerning the accidental nature of the incident, there was contradictory circumstantial evidence which could support the charge of murder. Under these circumstances, we find that the prosecutor was not required to present evidence of the accidental shooting to the grand jury.

Appellant's second contention is that there was a denial of due process through the use of hearsay evidence before the grand jury. Appellant claims it was prejudicial for Detective Au to relate Dr. Majoska's findings on the cause of death of Angela O'Daniel.[2] Appellant relies on our holding in *State v. Layton,* 53 Haw. 513, 497 P.2d 559 (1972), where this Court stated that hearsay evidence before the grand jury should be used only in exceptional circumstances. We stated in *Layton* that exceptional circumstances would exist when direct testimony is unavailable or when it is demonstrably inconvenient to summon witnesses able to testify from personal knowledge, 53 Haw. at 515, 497 P.2d at 561. No such basis was shown to exist.

It is undisputed that Detective Au's testimony regarding Dr. Majoska's findings was hearsay. In a case decided after *State v. Layton, supra,* this Court allowed hearsay evidence

---

[2] Detective Au of the Honolulu Police Department testified before the grand jury with regard to the O'Daniel homicide. The grand jury transcript which is part of the record reveals that Detective Au testified: On September 23, 1976, a woman was shot to death; the victim was identified as Angela O'Daniel; the cause of death was a hemothorax due to a gunshot wound; a statement made by the appellant to the police recounting the events of the evening and of the shooting; and Dr. Majoska's findings on cause of death, bullet trajectory and location of the wound.

before the grand jury, but we have placed limitations on its usage. *State v. Murphy*, 59 Haw. 1, 575 P.2d 448 (1978); *see*, *Costello v. United States*, 350 U.S. 359, 363 (1956).

In *State v. Murphy, supra*, we examined the exact issue of the instant case and found that the decision in *Layton* was not a hard and fast rule, but merely an expression of policy. *Id*. at 6, 575 P.2d at 453. In *Murphy*, we held that hearsay is admissible if not deliberately used in place of better evidence to improve a case for indictment.[3] *Id*. at 6, 575 P.2d at 453.

Under the facts of this case, there was nothing presented to indicate that Detective Au did not accurately reflect the report and conversation he had with Dr. Majoska. Nor was there any indication in the record of an improper purpose by the prosecutor using hearsay evidence to improve the case for indictment. The denial of the motion to dismiss on this basis was proper.

Next, appellant challenges the sufficiency of the evidence presented by the prosecutor to the grand jury in returning this indictment. It is contended that there was insufficient evidence to indict appellant for murder. We do not agree.

The evidence presented to the grand jury was sufficient to find probable cause to believe that the crime of murder was committed and that the appellant did it. *State v. Okumura*, 59 Haw. 549, 551, 584 P.2d 117, 119 (1978). Such evidence, of course, need not be sufficient to sustain a conviction. *Id*. at 551, 584 P.2d at 119.

II.

The appellant complains that his right to speedy trial was violated by the delay between arrest and indictment.[4] Our review of the record fails to substantiate this claim.

---

[3] We remind the prosecutor that he should, whenever possible, present witnesses who will be able to testify from first hand knowledge. Use of hearsay should be kept to a minimum. State v. Murphy, *supra* at 6, 575 P.2d at 453.

[4] Appellant does not raise a speedy trial violation for the period from arrest to trial or indictment to trial.

We have recognized that the sixth amendment guarantee of the right to a speedy trial is a fundamental right given to a defendant in a criminal proceeding. *Barker v. Wingo*, 407 U.S. 514 (1972); *State v. Almeida*, 54 Haw. 443, 509 P.2d 549 (1973). We adopted in *Almeida* the balancing test enunciated. in *Barker* where the following factors were considered in determining a deprivation of speedy trial to-wit: 1) length of delay, 2) reason for delay, 3) assertion of the right, and 4) prejudice to the defendant. 54 Haw. at 447, 509 P.2d at 552. None of the above factors is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. *Id.* at 447, 509 P.2d at 552.

The length of the delay is the triggering mechanism to a deprivation of speedy trial. *Id.* at 447, 509 P.2d at 552. The delay must be "presumptively prejudicial" before the other factors mentioned above can be considered. *Id.* at 447, 509 P.2d at 552.

Appellant's complaint is based on the three month delay between arrest and indictment. We believe that such delay was not presumptively prejudicial to the appellant.[5] The time period complained of was not long enough to hamper the preparation of defenses or for the prosecutor to gain a tactical advantage over the appellant. *Barker v. Wingo, supra* at 531. Appellant has not made a specific showing of how this three month period prejudiced him. We hold that the trial court properly found no violation of appellant's right of speedy trial.

### III.

Appellant argues that the trial court erred in admitting into evidence a letter written by the deceased victim to a

---

[5] The following cases hold that the delay between arrest and indictment did not violate the right to speedy trial. United States v. Garza, 547 F.2d 1234, 1235 (5th Cir. 1977) (14 month delay between arrest and indictment); United States v. Edwards, 577 F.2d 883, 887-88 (5th Cir. 1978) (13 month delay between arrest and indictment); United States v. Palmer, 537 F.2d 1287, 1288 (5th Cir. 1976) (22 month delay between arrest and indictment). *See,* State v. Bryson, 53 Haw. 652, 500 P.2d 1171 (1972) (seven and one-half month delay between sale and indictment).

friend near the time of the shooting.[6] The appellant maintains that the letter is not relevant to any issue in the case.

The prosecutor offered the letter as evidence of the state of the marital relationship between the deceased and the appellant. Since contradictory evidence had been presented regarding the state of the marital relationship at the time of the shooting, the trial court found such evidence relevant to the issue of motive or intent and admitted the letter.

Statements made by a victim-declarant are admissible under the state of mind exception to the hearsay rule. *Mutual Life Ins. Co. v. Hillmon,* 145 U.S. 285 (1892); *Territory v. Duvauchelle,* 28 Haw. 350 (1925); *People v. Alcalde,* 24 Cal.2d 177, 148 P.2d 627 (1944); VI *Wigmore on Evidence,* Chadbourn Rev., § 1725; *McCormick on Evidence,* § 295 (2nd ed. 1972). The admissibility of evidence under this exception is dependent on: 1) the evidence being relevant to an issue in the case; 2) the evidence reflects the declarant's intent at the time the statement was made; and 3) the declaration was made under circumstances which indicate its trustworthiness and reliability. *People v. Alcalde, supra* at 632; *Terr. v. Duvauchelle, supra* at 372.

There is no doubt that the state of the O'Daniel marriage was critical to the prosecution in proving the motive or intent issue. There is nothing in the record to contradict the fact that this letter was written on or about September 21, 1976, manifesting the deceased's present intent to get a divorce and her dissatisfaction with the marriage to the appellant. The letter was written in such an intimate and detailed fashion that there is no suggestion of fabrication or misstatement of the truth. The trial court did not err in admitting the letter.

A criminal defendant is entitled by the State and Federal Constitutions to the right to confront witnesses. *State v. Ing,* 53 Haw. 466, 497 P.2d 575 (1972); *State v. Adrian,* 51 Haw.

---

[6] State's Exhibit 11, in evidence is a letter postmarked September 21, 1976, from the deceased, Angela O'Daniel, to Gina Wolfe, a friend. In the letter, the deceased states her marriage is failing and that she will seek a divorce soon. The letter also states the deceased's impression that the appellant is opposed to the divorce or separation.

125, 453 P.2d 221 (1969). However, evidence admissible under an exception to the hearsay rule does not violate the right of confrontation provided the statement is found to be reliable. *Dutton v. Evans*, 400 U.S. 74, 89 (1970). Factors considered in determining reliability are whether it is an assertion of past fact; whether the declarant has personal knowledge; whether there is faulty recollection; and whether there is a reason to lie. *Dutton v. Evans*, *supra* at 88-89.

Under these facts, the letter met the requirements of reliability established in *Dutton*. The letter was offered and admitted under the state of mind exception to the hearsay rule. In addition, there is no indication of fabrication, faulty recollection or other indicia to undercut the reliability of the statement. We hold that the appellant's right of confrontation was not violated.

## IV.

It is next argued by appellant that the trial court improperly linked the oral statement made by the appellant at the scene of the crime to the appellant's transcribed statement made at the police station. Appellant asserts that the admissibility of each piece of evidence stands on its own.

A careful review of the record shows that the trial court ruled the prosecutor could not use appellant's transcribed statement for impeachment until the appellant had testified. After a subsequent objection by the prosecutor, the court modified its ruling and stated:

> So in other words, all statements made by the defendant are precluded unless and until he takes the stand, if he does.

Then during the case for defense, defense counsel made an offer of proof regarding the admissibility of appellant's oral statement. The trial court reiterated its initial ruling that the defense could introduce the oral statement into evidence but the prosecutor would be able to introduce the transcribed statement as rebuttal. No further attempt was made by appellant to offer his oral statement into evidence. We view the

defense voluntarily chose not to introduce the statement into evidence.

It is well settled that the trial court is vested with discretion regarding the admissibility of evidence at trial and such a decision will not be reversed absent an abuse. *People v. Wein*, 69 Cal.App.3d 79, 137 Cal.Rptr. 814, 820 (1977).

From the record, we are unable to say that the trial court's ruling was erroneous. The ruling did not bar the introduction of the relevant oral statement into evidence. Appellant had the opportunity to introduce the oral statement but decided not to. Appellant admitted in oral argument that a tactical decision was made not to introduce the appellant's oral statement as to avoid a conviction for murder. We will not second guess trial attorneys on what evidence should or should not be introduced at trial. *See, State v. McNulty*, 60 Haw. 259, 270, 588 P.2d 438 (1978).

## V.

We now turn to appellant's argument that the trial court erred in failing to instruct the jury on accidental death.[7] Appellant contends that there was sufficient evidence presented for the trial judge to give the accidental death instruction. We do not agree.

The appellant is entitled to an instruction on every defense or theory of defense having *any* support in the evidence, provided such evidence would support the consideration of that issue by the jury, no matter how weak, inconclusive or

---

[7] The trial court refused to give Defendant's Requested Instruction No. 3 which stated:

There is evidence tending to show that the defendant caused the death of his wife unintentionally and by accident. The defendant has no burden of proof in this matter, and he is not obligated to convince you that any of his actions were, in fact, accidental.

The prosecution must prove beyond a reasonable doubt and to a moral certainty that the defendant acted intentionally or knowingly, as I have defined those terms for you, and thereby convince you that the defendant's conduct could not have been accidental. If you are not so convinced, then you must acquit the defendant.

unsatisfactory the evidence may be. *State v. Unea*, 60 Haw. 504, 591 P.2d 615 (1979); *State v. Riveira*, 59 Haw. 148, 577 P.2d 793 (1978); *State v. Warner*, 58 Haw. 492, 497, 573 P.2d 959 (1977); *State v. Irvin*, 53 Haw. 119, 121, 488 P.2d 327 (1971); *State v. Chang*, 46 Haw. 22, 47, 347 P.2d 5, 18 (1962); *Territory v. Alcantara*, 24 Haw. 197 (1918). We must construe the evidence in the case in a light most favorable to the appellant in determining whether or not the instruction should be given. *State v. Santiago*, 53 Haw. 254, 272, 492 P.2d 657 (1971); *State v. Warner, supra*.

Appellant contends that through the testimony of Officer Fujimoto, some evidence was presented which raised the issue of accidental death. Officer Fujimoto testified that he responded to a dispatch call regarding an "accidental shooting" at the appellant's apartment. We believe that such testimony is insufficient to raise a jury issue on accidental death since such evidence is speculative. Initial police dispatches cannot be sufficient evidence to show what actually happened on the scene because subsequent investigation may modify that determination.

There was no testimony presented in the record by any witness that appellant accidentally shot his wife. In addition, there was no conflicting testimony as in *State v. Warner, supra*, to justify the requested instruction. We therefore hold there was no evidence in the record raising a jury question whether the appellant accidentally shot his wife. The trial court did not err in refusing to give the requested instruction on accidental death.

## VI.

Finally, appellant contends that the trial court erred in denying his motion for judgment of acquittal. Appellant maintains that the prosecution did not present a prima facie case of murder to the jury.

We believe the case presented by the State relied on circumstantial evidence. Reasonable inferences drawn from circumstantial evidence may be used to prove a criminal case

beyond a reasonable doubt. *State v. Murphy, supra* at 19, 575 P.2d at 460.

It is well settled that in reviewing a motion for judgment of acquittal, the reviewing court must consider the evidence presented at trial in a light most favorable to the State. *State v. Brighter,* 62 Haw. 25, 608 P.2d 885 (1980); *State v. Kelsey,* 58 Haw. 234, 236, 566 P.2d 1370 (1977).

In this light, this Court has adopted the following criteria to review the sufficiency of evidence on a motion for judgment of acquittal:

> A trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.

Quoting *Curley v. United States,* 160 F.2d 229, 232 (D.C. Cir.), *cert. denied,* 331 U.S. 837 (1947); *State v. Murphy, supra; State v. Laurie,* 56 Haw. 664, 669, 548 P.2d 271 (1976); *State v. Rocker,* 52 Haw. 336, 346, 475 P.2d 684 (1970).

After a careful review of the record, we conclude that the trial court properly denied appellant's motion for judgment of acquittal. The record shows that the State presented a prima facie case of murder. Although the jury found appellant guilty on the lesser charge, we believe that giving full play to the trier of fact to determine credibility, weigh the evidence and draw justifiable inferences, a reasonable mind could have found appellant guilty of murder beyond a reasonable doubt. *State v. Murphy, supra; State v. Rocker, supra.*

Affirmed.

*Eric A. Seitz* for defendant-appellant.

*William Meheula (Timothy A. Liu* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.