■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT VALLES, Respondent. — Order, Supreme Court, Bronx County (Mazur, J.), entered March 1, 1982 dismissing, with leave to re-present, an indictment charging the defendant with murder in the second degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the second degree, modified, on the law, to deny the motions to dismiss the two weapons charges, which counts are reinstated, and otherwise affirmed. The defendant was charged in an indictment with murder in the second degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the

second degree. He moved to dismiss under CPL 210.20 (subd 1, par [c]) and 210.35 (subd 5), alleging that the Grand Jury proceeding was defective. The court granted the motion, concluding that: "In the instant case, evidence presented by witnesses in the Grand Jury raised the possibility of the affirmative defense of extreme emotional disturbance. The Grand Jurors were given no instructions as to this defense to the charge of murder in the second degree, thereby making the proceedings defective." The People appeal from this order, asserting that the evidence before the Grand Jury was insufficient to raise the issue of the affirmative defense claimed, and that in any event the District Attorney was under no obligation to submit to the Grand Jury an affirmative defense that at best only limits the degree of culpability. After a review of the Grand Jury minutes, we find that the failure to instruct the jury with regard to the affirmative defense rendered the proceedings defective under the circumstances and justified dismissal of the count of the indictment charging the defendant with murder in the second degree. On the other hand, the omission to instruct with regard to the affirmative defense could not have affected the Grand Jury's determination with regard to the weapons counts, and accordingly we modify to deny the motion to dismiss with regard to those counts. CPL 190.25 (subd 6) provides in pertinent part: "The legal advisors of the grand jury are the court and the district attorney * * * Where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it". CPL 210.20 (subd 1, par [c]) provides in pertinent part that the court may dismiss an indictment or any count thereof upon the ground that: "The grand jury proceeding was defective, within the meaning of section 210.35". CPL 210.35 provides in pertinent part that a Grand Jury proceeding is defective within the meaning of CPL 210.20 (subd 1, par [c]) when: "5. The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result." The essential issue presented — the circumstances under which a failure of the District Attorney to instruct the jury properly concerning the applicable law renders the Grand Jury proceedings defective — was addressed at length by the Court of Appeals in *People v Calbud, Inc.* (49 NY2d 389). The court there noted the difference between the functions performed by a Grand Jury and a petit jury and concluded (pp 394-395): "[W]e hold that a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law. We deem it sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime." The court went on to observe, however (p 396): "When the District Attorney's instructions to the Grand Jury are so incomplete or misleading as to substantially undermine [its] essential function, it may fairly be said that the integrity of that body has been impaired. Under such circumstances, CPL 210.35 (subd 5) as well as our State constitutional guarantees might well require dismissal of the Grand Jury's indictments. In contrast, where, as here, the District Attorney omits information which would be essential for the petit jury's determination of guilt but which is not essential to the Grand Jury's less exacting responsibility of determining whether a prima facie case exists, it is inappropriate to dismiss the indictments on the ground specified in CPL 210.35 (subd 5)." Measured by these standards, the issue presented seems to us a close one. The evidence was clearly sufficient to support the Grand Jury's determination that the defendant had intentionally killed the deceased. On the other hand, the defendant testified before the

Grand Jury and his testimony, confirmed in large part by another witness, would, if believed, have been persuasive that he fired the fatal shots "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be." (Penal Law, § 125.25, subd 1, par [a].) That the Grand Jury, if instructed as to this affirmative defense, might well have determined to indict the defendant for manslaughter in the first degree, and not murder in the second degree, seems to us a significant possibility. (See *People v McWilliams,* 96 Misc 2d 648; *People v Ferrara,* 82 Misc 2d 270; *People v Smith,* NYLJ, March 16, 1976, p 7, col 3; but cf. *People v Galuppo,* 98 Misc 2d 395.) In sustaining the order below to the extent to which it dismissed with leave to re-present the count charging the defendant with murder in the second degree, we do not intend to articulate a sweeping rule requiring the submission of an affirmative defense in every case in which the facts may conceivably be thought to raise the issue. (See *People v Karassik,* 90 Misc 2d 839, 847; *People v Brown,* 87 Misc 2d 403; *State v O'Daniel,* 62 Hawaii 518.) Under the facts here presented, the omission seems to us to have been a substantial defect, and one which may well have caused prejudice to the defendant. Concur — Sandler, J. P., Sullivan, Asch, Milonas and Alexander, JJ.