29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Kay CORONEL, Petitioner-Appellant,
v.
William OKU, Respondent-Appellee.
 No. 93-15992.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1994.*
Decided June 28, 1994.
 
 Before: FARRIS, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Paul Kay Coronel was convicted in the Circuit Court of the Third Circuit, State of Hawaii, on charges of murder, theft and forgery in connection with the disappearance of his mother. He appeals the denial of his petition for writ of habeas corpus, pursuant to 28 U.S.C. Sec. 2254. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Coronel claims that he was denied his Fifth Amendment right to an indictment by a grand jury because his indictment was obtained through several instances of prosecutorial misconduct.
 
 
 4
 Claims regarding prosecutorial misconduct before the grand jury are mixed questions of law and fact. United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989), cert. denied, 495 U.S. 878 (1990). State court findings of fact are presumed to be correct under 28 U.S.C. Sec. 2254(d). However, the presumption applies only to determinations of "historical facts"--facts relating to external events and the credibility of their narrators. Fendler v. Goldsmith, 728 F.2d 1181, 1191 n. 21 (9th Cir.1983). If a claim on habeas corpus involves a mixed question of fact and law, no deference is owed to the state court's legal conclusion based on those facts and the legal issue is reviewed de novo. See id.
 
 
 5
 Prosecutorial misconduct will affect the constitutionality of an indictment only if the "violation 'substantially interfered with the grand jury's decision to indict' or if there is a 'grave doubt' that the decision to indict was free from the substantial influence of such violation." Bank of Nova Scotia v. United States, 487 U.S. 250, 288 (1988) (quoting United States v. Mechanick, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring)).
 
 
 6
 Coronel makes several grand jury claims. Coronel claims that the government misrepresented the findings of its investigation by misquoting statements that Coronel and two other witnesses made to police. This allegation is not supported by any factual finding. Coronel further claims that the government mischaracterized the FBI's conclusions as to the authorship of the July 21, 1986, letter that Coronel claimed to have received from his mother after her disappearance. Coronel has not shown that this misstatement was made with the knowledge that it was perjurious. "[D]ismissal of an indictment is only required in extreme situations, as where the prosecutor knowingly presents perjured testimony." United States v. Tham, 665 F.2d 855, 863 (9th Cir.1981) (emphasis added), cert. denied, 456 U.S. 944 (1982). Coronel's next contention is that the government suppressed "an enormous amount" of exculpatory evidence. We note that a prosecutor has no obligation to search for and submit to the grand jury evidence favorable to the defendant's defense or negating guilt when it is not requested by the grand jury. United States v. Y. Hata & Co., 535 F.2d 508, 512 (9th Cir.), cert. denied, 429 U.S. 828 (1976). Finally, Coronel contends that the government presented hearsay, unsubstantiated conclusory opinions and evidence of Coronel's silence. An indictment may be based on hearsay.[1] Costello v. United States, 350 U.S. 359, 363-64 (1956). A challenge to the competency or reliability of evidence will not support a quashing of the indictment. United States v. Williams, 112 S.Ct. 1735, 1746 (1992). Moreover, there is no misconduct in informing the grand jury of the defendant's refusal to talk. United States v. Levine, 700 F.2d 1176, 1180 (8th Cir.1983).
 
 II
 
 7
 Coronel's contends that the theft charges in his indictment failed to indicate that the "taking" of his mother's property was "unauthorized." This contention is without merit. An indictment is constitutionally adequate so long as it puts a defendant on notice of the charges against him, even though it does not catalog every element of the offense. Tamapua v. Shimoda, 796 F.2d 261, 263 (9th Cir.1986). Coronel's indictment included the word "theft." Any fair construction of that word compels the conclusion that Coronel received adequate notice that he was charged with the unauthorized taking of property. See Kaneshiro v. United States, 445 F.2d 1266, 1269 (9th Cir.), cert. denied, 404 U.S. 992 (1971).
 
 III
 
 8
 Coronel raises two claims of prosecutorial misconduct at trial.
 
 
 9
 First, Coronel contends that prosecutorial misconduct prevented a crucial defense witness from testifying in the case. Coronel, however, has not exhausted this claim in state court. A petitioner meets the exhaustion requirement either by providing the state court an opportunity to rule on the merits of his federal claims, or by showing he had no state remedies available and that he did not deliberately bypass them. McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). Because he has not presented this claim to state court and has made no showing that the state remedy was unavailable, Coronel is precluded from raising it here. Vasquez v. Hillery, 474 U.S. 254, 257 (1986).
 
 
 10
 Coronel's second claim, that prosecutors intentionally hid or lost an airline flight coupon that he found and submitted to police, does not entitle Coronel to habeas corpus relief unless he can show bad faith on the part of police and make a plausible showing that the loss of evidence prejudiced his case. United States v. Dring, 930 F.2d 687, 693 (9th Cir.1991), cert. denied, 113 S.Ct. 110 (1992). Coronel has failed to show bad faith or make any plausible showing of prejudice. The flight coupon pertained to a flight that his mother took one month before her disappearance. Coronel contends that it proves that his mother could travel without surrendering her flight coupon and therefore casts doubt on the prosecution's contention that her murder is proved partly by the lack of airline records showing that she travelled. This evidence is of slight probative value and, in any case, is outweighed by the substantial circumstantial evidence indicating that his mother was murdered. There was no reasonable likelihood that this evidence would have affected the verdict.
 
 IV
 
 11
 Coronel raises several claims involving the state court's admission of evidence. A state court's evidentiary ruling is grounds for habeas corpus relief only if it "renders the state procedures so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993). "The admission of inculpatory testimony violates due process only 'if there is no permissible inference the jury may draw from the evidence' and the testimony is 'of such quality as necessarily prevents a fair trial.' " Henry v. Estelle, 993 F.2d 1423, 1427 (9th Cir.1993) (emphasis in original) (quoting Jammal v. Van De Kamp, 926 F.2d 918, 920 (9th Cir.1991)).
 
 
 12
 Coronel asserts that the state court erred by permitting his mother's relatives to testify regarding her handwriting and by allowing his sister, Barbara Grunden, to testify that Coronel admitted killing his mother, because the testimony was hearsay. We reject these contentions. A jury may rely on lay opinions on handwriting evidence to draw inferences about the authenticity of a document. Goo Kim Fook v. Hee Fat, 27 Haw. 491, 505 (1923); Hawaii Rules of Evidence, Rule 901(b)(2). Finally, the testimony regarding the admission was not hearsay. See Hawaii Rules of Evidence, Rule 803(a). Absent some allegation that it was coerced or made under duress, the statement was admissible. See Sablan v. People of Territory of Guam, 434 F.2d 837, 840 (9th Cir.1970).
 
 V
 
 13
 Coronel next contends that the state court erred by allowing the jury to consider evidence of the property crimes. He argues that because the alleged property crimes did not occur at the same time as the alleged murder, his right to a fair and impartial trial was prejudiced. We read Coronel's claim as alleging either that the state court improperly joined counts or that the state court erred by allowing the introduction of prejudicial evidence.
 
 
 14
 To show that he was prejudiced by the joinder of counts, Coronel must show that if the theft counts had been severed, the evidence would have been insufficient to convict him on the murder count. See United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir.1986). See also Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir.1991) (to obtain habeas corpus relief, petitioner must show that prejudice rendered his trial fundamentally unfair and hence, violative of due process).
 
 
 15
 Assuming that Coronel properly preserved the joinder issue by raising it at trial, we find no undue prejudice. The evidence, both direct and circumstantial, was sufficient to convict him of the murder count. His trial was not fundamentally unfair.
 
 
 16
 Nor do we find any fundamental unfairness by the state's reliance on the evidence of theft in its prosecution of the murder count. As noted, Coronel must show that there is no permissible inference the jury could have drawn from the introduction of the evidence. Henry, 993 F.2d at 1427. We note that it is a settled evidentiary rule that a jury may rely on evidence of other crimes to infer the existence of "motive" or "plan." See, e.g., Hawaii Rules of Evidence, Rule 404(b). There was no error.
 
 VI
 
 17
 Coronel raises several claims involving the exclusion of evidence by the district court. To evaluate whether the exclusion of evidence violates due process, we consider five factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991). We balance the importance of the evidence against the state's interest in excluding it. Id.
 
 
 18
 Coronel contends he was not permitted to introduce character evidence regarding his mother's alleged bankruptcy fraud and troubled finances. He also contends that he was not permitted to introduce the facsimile copy of an airline flight coupon from June, 1986, purportedly showing that it was possible for his mother to fly without being traced.
 
 
 19
 We reject Coronel's claims. Whatever potential value the character evidence had regarding the mother's possible motivations to disappear was outweighed by the danger of misleading and confusing the jury. The flight coupon from June, 1986, was largely irrelevant to whether his mother took a flight on July, 21, 1986. There was no due process violation.
 
 
 20
 We also reject Coronel's contention that the district court excluded character evidence regarding Barbara Grunden's mental condition and her possible financial motives for testifying against Coronel because he failed to offer such evidence.
 
 VII
 
 21
 Coronel contends that his conviction was not supported by sufficient evidence. In order to obtain habeas relief on these grounds, Coronel must show that the charges against him were "so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment." Fish v. Cardwell, 523 F.2d 976, 978 (9th Cir.1975), cert. denied, 423 U.S. 1062 (1976).
 
 
 22
 Coronel claims his conviction must be reversed because it was proven almost entirely by hearsay and circumstantial evidence, and by inconsistent and untrustworthy testimony. He also claims there was insufficient direct proof of a corpus delicti. See State v. Hale, 45 Haw. 269, 277, 367 P.2d 81, 86 (1961). Coronel relies on the old common law rule that when circumstantial evidence alone is used to support an essential element of the offense, the evidence must be inconsistent with any reasonable theory of innocence. See, e.g., State v. Kulig, 37 Ohio St.2d 157, 160, 309 N.E.2d 897, 899 (Ohio 1974), overruled by State v. Jenks, 61 Ohio St.3d 259, 271, 574 N.E.2d 492 (Ohio 1991).
 
 
 23
 Coronel's attack on sufficiency grounds has no merit. The distinction between direct evidence and circumstantial evidence no longer has any basis in law. United States v. Miller, 688 F.2d 652, 662 (9th Cir.1982). Moreover, he has not shown that the record is "totally devoid" of evidence. To the contrary, the evidence was sufficient for a rational jury to convict Coronel beyond a reasonable doubt of all the elements, including the corpus delicti, in the charged offenses. The large body of circumstantial evidence was sufficient for a rational jury to convict Coronel on all counts. As to Coronel's attack on the credibility of Grunden's testimony, we note that the credibility of a witness is a question for the jury that is not reviewable. United States v. Vaccaro, 816 F.2d 443, 454 (9th Cir.1987).
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Under Hawaii law, defendants are afforded more protection than under the federal constitution; hearsay is admissable so long as it is not deliberately presented to the grand jury in place of better evidence for the purpose of improving the case for indictment. See State v. O'Daniel, 62 Haw. 518, 522, 616 P.2d 1383, 1388 (Haw.1980). However, the defendant has the burden of showing that the hearsay "clearly infringe[d] upon the jury's decision-making function." State v. Pulawa, 62 Haw. 209, 218, 614 P.2d 373, 378 (Haw.1980). The Hawaii Supreme Court found that Coronel failed to meet his burden. The state court's decision on this issue of state law is binding. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam)