**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000364
14-SEP-2022
07:59 AM
Dkt. 70 SO**

NO. CAAP-21-0000364

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TROY D. BORGE, JR., Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-20-0000288)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Troy D. Borge, Jr. (**Borge**) appeals
from the Circuit Court of the Second Circuit's[1] June 7, 2021
Judgment; Conviction and Sentence (**Judgment**) convicting him of
Assault in the First Degree, in violation of Hawaii Revised
Statutes (**HRS**) § 707-710 (2014).[2]

On appeal, Borge argues that the circuit court
"reversibly erred in: 1) denying his Motion to Dismiss
Indictment; and 2) ordering restitution to be paid to the

---

[1] The Honorable Kelsey T. Kawano presided.

[2] HRS § 707-710 provides as follows:

(1) A person commits the offense of assault in the
first degree if the person intentionally or knowingly causes
serious bodily injury to another person.

(2) Assault in the first degree is a class B felony.

complainant [(**CW**)] for his medical care paid by his insurance provider."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve this appeal as follows, and affirm.

(1) Borge's first point of error alleges the circuit court erred when it denied his July 17, 2020 Motion to Dismiss Indictment (**Motion to Dismiss**). Borge argues several reasons why the indictment was invalid and should have been dismissed with prejudice. "A [trial] court's ruling on a motion to dismiss an indictment is reviewed for an abuse of discretion." State v. Akau, 118 Hawaiʻi 44, 51, 185 P.3d 229, 236 (2008) (citation and internal quotation marks omitted). As discussed below, the circuit court did not abuse its discretion when it denied his Motion to Dismiss.

(a) According to Borge, the indictment in the underlying case (2CPC-20-0000288) should have been dismissed with prejudice because, pursuant to HRS § 701-110(2) (2014), the district court's no probable cause determination in State v. Borge 2DCW-19-0002338 (**2DCW-19-0002338**), was a final order that "effectively terminated the prosecution for [Attempted Murder in the Second Degree]."

HRS § 701-110(2) provides,

[w]hen a prosecution is for an offense under the same statutory provision and is based on the same facts as a former prosecution, it is barred by the former prosecution [if the] former prosecution was terminated, after the information had been filed or the indictment found, by a

> final order or judgment for the defendant, which has not been set aside, reversed, or vacated and which necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense.

(Formatting altered.)

Here, the district court's no probable cause determination in 2DCW-19-0002338 was not a final order because a final order is "an order ending the proceeding, leaving nothing further to be accomplished." Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999). In 2DCW-19-0002338, after the preliminary hearing, the district court found no probable cause for Attempted Murder in the Second Degree. However, it committed the case to the circuit court for further proceedings on the probable cause determination for Assault in the First Degree. See Moana v. Wong, 141 Hawaiʻi 100, 106-07, 405 P.3d 536, 542-43 (2017) (explaining that preliminary hearings are often viewed as a screening device that determines whether the facts alleged justify detaining a defendant as he awaits trial).

The committal order made no judgment on the merits of the case, did not bear on Borge's guilt or innocence, and did not end the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated. See Casumpang, 91 Hawaiʻi at 426, 984 P.2d at 1252 ("When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable."); People v. Harkness, 339 N.E.2d 545, 547 (Ill. App. Ct. 1975) (explaining that because a "finding of no probable cause is neither a conviction nor an acquittal[,]" it is

3

not a final judgment or order) (citation omitted). Accordingly, HRS § 701-110(2) is not applicable and the district court's no probable cause determination in 2DCW-19-0002338 was not a final order that precluded the indictment in this underlying case.

(b) Borge also argues that under the doctrine of collateral estoppel, the district court's no probable cause determination in 2DCW-19-0002338 barred the Plaintiff-Appellee State of Hawaiʻi (**State**) from seeking an indictment for Attempted Murder in the Second Degree in this underlying case. The doctrine of "collateral estoppel means that, 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" State v. Mundon, 129 Hawaiʻi 1, 14, 292 P.3d 205, 218 (2012) (citation omitted).

In this case, and as discussed above, the district court's determination that there was no probable cause in 2DCW-19-0002338 was not a final judgment. Therefore, the State was not collaterally estopped from seeking the indictment against Borge in this underlying case. See State v. Deedy, 141 Hawaiʻi 208, 221, 407 P.3d 164, 177 (2017); see also Morse v. United States, 267 U.S. 80, 85 (1925) ("[A] judgment in a preliminary examination discharging an accused person for want of probable cause is not conclusive upon the question of his guilt or innocence and constitutes no bar to a subsequent trial in the court to which the indictment is returned.") (citation omitted).

(c) Borge next argues that the indictment "should have been dismissed because Borge's due process right to a fair and impartial grand jury was violated for a second time by three

4

instances of prosecutorial misconduct before the grand jury." The Hawaiʻi Supreme Court has held that prosecutorial misconduct before the grand jury must be "extreme and clearly infringe[ ] upon the jury's decision-making function" to warrant dismissal of the indictment. State v. Pulawa, 62 Haw. 209, 218, 614 P.2d 373, 378 (1980).

Borge alleges the first instance of prosecutorial misconduct occurred when the prosecutor "elicited evidence of Borge's invocation of his right to remain silent by asking [Detective Dennis Clifton (**Detective Clifton**)] whether he had taken 'any statement from' [Borge] the day after he was arrested, to which [Detective] Clifton answered, 'We attempted to question him, but he requested to speak to an attorney.'"

A criminal defendant has the right to remain silent, and no person shall be "compelled in any criminal case to be a witness against oneself." Haw. Const. art. I, § 10. A "prosecutor may not imply guilt from a defendant's exercise of the right to remain silent, for doing so would dilute the right, undermine the values that the right protects, and penalize the defendant for exercising a constitutional right." State v. Tsujimura, 140 Hawaiʻi 299, 314, 400 P.3d 500, 515 (2017).

Contrary to Borge's argument, the June 26, 2020 grand jury transcript shows the prosecutor's line of inquiry as detailing the actions Detective Clifton took the night of the incident as part of his investigation. Although the witness referenced Borge's silence, it was referenced only once before the prosecutor moved on to a different question. Furthermore, the prosecutor promptly instructed the grand jury to not

"consider that information in [its] deliberation." See State v. Rodrigues, 113 Hawaiʻi 41, 49-50, 147 P.3d 825, 833-34 (2006) (holding that the information elicited from the detective was not an improper comment on the defendant's right to remain silent because the prosecutor's question was "part of a line of inquiry designed to establish the detective's custom and practice regarding accurately transcribing . . . statements").

Because the prosecutor did not comment on Borge's silence, did not use his silence to imply his guilt, and immediately gave curative instructions to the grand jury regarding that information, there was no prosecutorial misconduct. State v. Williams 146 Hawaiʻi 62, 72, 456 P.3d 135, 145 (2020) (explaining factors to consider when reviewing allegations of prosecutorial misconduct).

Borge alleges the second instance of prosecutorial misconduct occurred when the prosecutor "presented to the grand jury an excessive amount of hearsay evidence through the testimony of [Chanelle Kapuni (**Kapuni**)] and [Detective] Clifton." The Hawaiʻi Supreme Court has addressed at length the use of hearsay at grand jury proceedings. The presently applicable rule is, "where the hearsay testimony was not used deliberately in the place of better evidence to improve the case for an indictment, dismissal of the indictment is not required." State v. Murphy, 59 Haw. 1, 6, 575 P.2d 448, 453 (1978). Additionally, "[i]t is a basic rule in this jurisdiction that in proceedings determining the validity of an indictment, the State does not have the burden of proving that the alleged illegal or improper testimony is not prejudicial; it is the duty of the defendant to come forward and

6

present a case proving prejudice." State v. Miyazaki, 64 Haw. 611, 615, 645 P.2d 1340, 1344 (1982) (citations omitted).

Here, Detective Clifton testified that he received a subpoena for Dr. Reza Danesh (**Dr. Danesh**) and, in attempting to serve the subpoena, spoke with him on two occasions by telephone. Detective Clifton testified that Dr. Danesh informed him that he was out of state and would still be out of state on June 26, 2020, the day of the grand jury proceedings. Because of Dr. Danesh's unavailability, Detective Clifton further testified that on November 5, 2019, Dr. Danesh described to him the injuries the CW sustained.

Although Detective Clifton's testimony regarding Dr. Danesh's findings was hearsay, there was no evidence to indicate Detective Clifton did not accurately reflect the conversations he had with Dr. Danesh, or that the hearsay testimony was prejudicial to Borge. Miyazaki, 64 Haw. at 615, 645 P.2d at 1344; State v. O'Daniel, 62 Haw. 518, 522-23, 616 P.2d 1383, 1387-88 (1980) (explaining despite the hearsay testimony regarding the doctor's findings, there was nothing presented to indicate the detective did not accurately reflect the report and conversation he had with the doctor). Additionally, the record does not suggest that the State deliberately used hearsay testimony in the place of better evidence to improve the case for an indictment. Murphy, 59 Haw. at 6, 575 P.2d at 453.

With respect to Kapuni's testimony, Borge does not cite to the record or grand jury transcript regarding where in the record the alleged error occurred, where the alleged error was

7

objected to, or the manner in which the alleged error was brought to the attention of the court or agency, and does not provide any statutory authority to support his argument. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), (7). Borge also has not presented any argument of how Kapuni's testimony was prejudicial, or that it was used deliberately in the place of better evidence to improve the case for indictment.

Borge argues that the third instance of prosecutorial misconduct occurred when the prosecutor failed to present to the grand jury "the clear exculpatory evidence that Borge was justified in the use of force against [the CW] for the protection of Kristine Delima [(**Delima**)] under Haw. Rev. Stat. 703-305" through the taped interview of Keenan Blair (**Blair**), who "had witnessed the entire encounter between Delima, [the CW] and Borge."

A grand jury proceeding "'is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person.'" O'Daniel, 62 Haw. at 520, 616 P.2d at 1386 (quoting State v. Bell, 60 Haw. 241, 244, 589 P.2d 517, 519 (1978)). "The prosecutor has wide discretion in selecting and presenting evidence before the grand jury." O'Daniel, 62 Haw. at 520, 616 P.2d at 1386 (citations omitted).

"'[W]here evidence of a clearly exculpatory nature is known to the prosecution, such evidence must be presented to the grand jury.'" Bell, 60 Haw. at 245, 589 P.2d at 520; Hawaiʻi Rules of Penal Procedure Rule 6(f). However, "the prosecution is not required to present all exculpatory evidence to the grand

jury" and has "considerable latitude in determining whether to present evidence of an arguably exculpatory nature to the grand jury." Bell, 60 Haw. at 246, 589 P.2d at 520, 521. Evidence that is "clearly" exculpatory is evidence that "clearly would have negated guilt" or would "undermine the authority of the grand jury to act at all." State v. Wong, 97 Hawaiʻi 512, 526, 40 P.3d 914, 928 (2002) (citation and brackets omitted).

Contrary to Borge's argument, Blair's statement that the CW balled up his hands, looked angry, cussed at Delima, and looked like he might hit her was not clearly exculpatory evidence. During Blair's interview, he also stated Borge was not present when Delima initially confronted the CW, because Borge had wandered off to look for something. However, Borge came back with a stick and repeatedly hit the CW's head from behind even after the CW fell to the ground.

Because Blair's statement would not have conclusively negated Borge's guilt, or have justified his use of force for the protection of another, it was therefore not clearly exculpatory. See State v. Higa, 126 Hawaiʻi 247, 254-55, 264, 269 P.3d 782, 789-90, 799 (App. 2012), cert. rejected, No. SCWC-30546, 2012 WL 2158732 (Haw. June 12, 2012) (holding that the eye witness's observation of a limp body, inferring that the child died before being thrown from the overpass by the defendant, did not conclusively negate the defendant's guilt and was not clearly exculpatory).

9

Borge contends that "the prosecutor failed to also inform the grand jury with the clear exculpatory evidence that on Nov. 14, 2019, a district court judge found no probable cause that Borge had committed [Attempted Murder in the Second Degree] at the prior preliminary hearing."  As discussed above, a no probable cause determination is not a final order or indicative of guilt or innocence.  See Casumpang, 91 Hawaiʻi at 426, 984 P.2d at 1252; Harkness, 339 N.E.2d at 547.  Therefore, it was not clearly exculpatory evidence.

Borge argues that the "cumulative effect of the prosecutorial misconduct before the grand jury violated Borge's due process rights."  The Hawaiʻi Supreme Court has recognized situations in which, "[w]hen no single error or prejudicial remark constitutes prosecutorial misconduct, 'the cumulative weight of such errors may create an atmosphere of bias and prejudice which no remarks by the trial court could eradicate.'" State v. Williams, 149 Hawaiʻi 381, 392, 491 P.3d 592, 603 (2021) (citations omitted).  As discussed above, the record in the present case does not contain any evidence that the alleged errors, individually or cumulatively, amount to prosecutorial misconduct.

(d) Borge's final contention concerning his Motion to Dismiss is that "the Indictment lacks probable cause because a reasonable and prudent person viewing the evidence presented to the grand jury would not have a strong suspicion that Borge attempted to commit the offense of murder in the second degree[.]"

10

"A grand jury indictment must be based on probable cause." State v. Okumura, 59 Haw. 549, 550, 584 P.2d 117, 119 (1978). "Probable cause is established by 'a state of facts as would lead a person of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused.'" State v. Ontai, 84 Hawaiʻi 56, 63, 929 P.2d 69, 76 (1996) (quoting State v. Chung, 75 Haw. 398, 409-10, 862 P.2d 1063, 1070 (1993)). "Because of the accusing nature and function of grand jury proceedings," the supreme court has held that "the grand jury's role should not be expanded into a minitrial." O'Daniel, 62 Haw. at 520, 616 P.2d at 1386. Therefore, "[t]he evidence to support an indictment need not be sufficient to support a conviction." State v. Ganal, 81 Hawaiʻi 358, 367, 917 P.2d 370, 379 (1996).

Here, the record indicates that the grand jury found the testimonies of Kapuni and Detective Clifton sufficient for an indictment of Attempted Murder in the Second Degree. State v. Atwood, 129 Hawaiʻi 414, 419-20, 301 P.3d 1255, 1260-61 (2013) ("In reviewing the sufficiency of the evidence to establish probable cause before the grand jury, 'every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment and neither the trial court nor the appellate court on review may substitute its judgment as to the weight of the evidence for [that of] the Grand Jury.'") (citation omitted). Accordingly, the circuit court's decision to deny Borge's Motion to Dismiss was appropriate because the grand jury indictment was based on probable cause.

(2) In Borge's second point of error, he argues that the circuit court's "Order of Restitution should not have included the direct payments for CW's medical care by CW's insurance provider" because (1) the CW "did not suffer any financial 'losses' for his medical care" because medical expenses "were paid by his insurance provider[,]" and (2) even assuming CW's insurance provider is a victim as defined under HRS § 706-646(1)(c), it did not request restitution as required by HRS § 706-646(2).

Pursuant to HRS § 706-646(1) (2014), a "victim" for restitution purposes includes the "direct victim of a crime." HRS § 706-646(1)(a). The "court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim." HRS § 706-646(2) (Supp. 2019). "In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order. The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment." HRS § 706-646(3) (Supp. 2019).

HRS § 706-646 "does not support the theory that a crime victim has not suffered a loss if (or to the extent that) the victim has received indemnification from its insurer[.]" State v. Martin, 146 Hawaiʻi 232, 459 P.3d 791, No. CAAP-19-0000220, 2020 WL 1164506 at *3 (App. Mar. 10, 2020) (SDO) (citing State v. Tuialii, 121 Hawaiʻi 135, 139-42, 214 P.3d 1125, 1129-32 (App. 2009), overruled on other grounds by State v. Kealoha, 142

12

Hawaiʻi 46, 414 P.3d 98 (2018)). "[O]rdering a criminal defendant to repay the full amount of the losses caused by his or her crime furthers the rehabilitative purpose of HRS § 706-646 and properly compensates the victim for losses suffered as a result of the defendant's offense." Id.

Here, the record shows that the CW was the direct victim of Borge's crime and the CW requested restitution through the "Monetary Restitution Program (MRP) Claim Report" for various expenses, including two detailed billing statements from Maui Health Systems. These Maui Health Systems billing statements showed charges totaling $1,461,444.01, with payments received from Aloha Care and adjustments by Maui Health Systems.

At the restitution hearing held on May 7, 2021, the trial court ruled that the hospital bills for the CW met the criteria for restitution pursuant HRS § 706-646 and Tuialii. At the sentencing hearing on June 4, 2021, the trial court "proceed[ed] based on current practice for restitution determination" and granted restitution in the amount of $1,461,444.01. The Judgment, among other things, directly ordered Borge to pay restitution to the CW.

Insofar as the trial court's order strictly complied with Tuialii, it did not err in ordering Borge to pay restitution to the CW. See Tuialii, 121 Hawaiʻi at 142, 214 P.3d at 1132 (explaining that "[t]he interests of justice would *not* be served by allowing a thief to retain or otherwise benefit from the spoils of his crime simply because he picked a victim who was prudent enough to have obtained insurance" and that "[a] criminal court need not sort out insurance indemnities, subrogation

13

rights, and/or other potential civil implications before ordering a thief or other criminal to repay his victim under the criminal restitution statute").

Based on the foregoing, we hold that the circuit court did not err in denying Borge's Motion to Dismiss and ordering restitution to the CW, and affirm the circuit court's June 10, 2021 Judgment; Conviction and Sentence.

DATED:  Honolulu, Hawaiʻi, September 14, 2022.

On the briefs:

Hayden Aluli,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge