STATE OF HAWAII, Plaintiff–Appellee, v. LYNETTE LEHUA KEALOHA, Defendant–Appellant

NO. 13600

(CR. NO. 88–0977)

FEBRUARY 28, 1990

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND RETIRED JUSTICE NAKAMURA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for escape in the second degree (HRS § 710–1021). Appellant was on a prison furlough and did not return at the expiration thereof. She was caught four days later. She was indicted under HRS § 710–1021. The indictment reads:

On or about the 22d day of August, 1987, in the City and County of Honolulu, State of Hawaii, LYNETTE LEHUA KEALOHA did intentionally escape from a correctional or detention facility, to wit, Women's Community Correctional Center, thereby committing the offense of Escape in the Second Degree in violation of Section 710–1021 of the Hawaii Revised Statutes.

Appellant argues that while she may not have returned to the facility, she did not escape therefrom, and that her failure to return, while it may have been an escape from custody, is not what is alleged in the indictment. In addition, she attacks three jury instructions but, in essence, they raise the same point. She contends that there was insufficient evidence to convict her. We disagree and affirm.

A similar contention was made in *Provisional Government v. Stone*, 9 Haw. 363 (1894). This court there said:

He contends that there was no evidence to show that he escaped "against the will of the officer having him in custody," as provided in this section of the statute. We think that there was such evidence. The officer, a prison luna, who had charge of the defendant, a prisoner at work on the road, testified that he allowed the prisoner to go into the bush for a particular purpose, and that he did not return, but escaped. The permission to go for that particular purpose implied an intention on the part of the officer that the prisoner should return. Further, the word "escape" was evidently used by the officer in its usual popular sense, which implies not merely that the prisoner recovered his freedom, but that he did so against the will of the officer in charge.

*Id.* at 363–64. In *State v. Okamura*, 59 Haw. 549, 584 P.2d 117 (1978), this court stated, albeit by way of dictum:

We hold that the use of the word "escape" was proper. "Escape" is a word of common currency .... The

common definition of "escape", according to Webster's
Third New International Dictionary (unabridged, 1967),
is as follows:

"to get away (as by flight or conscious effort),
break away, get free, or get clear."

*Id.* at 550, 584 P.2d at 119 (citation omitted).

Obviously appellant was granted a furlough on condition that she return when that furlough expired. When she failed to do so without a legitimate excuse, she was guilty of escape, as that term is used in the statute. Affirmed.

*Susan Lynn Arnett*, Deputy Public Defender, on the opening brief, and *Richard W. Pollack*, Public Defender, on the reply brief, for appellant.

*James H.S. Choi*, Deputy Prosecuting Attorney, on the brief for appellee.